R. L. Baca v. Santiago Anaya.

---

[No. 1101, January 18, 1907.]

ROMAN L. BACA et al., Plaintiffs, FILOMENA PEREA DE OTERO, et al., Intervenors, Appellants, v. SANTIAGO ANAYA, et al., Appellees.

### SYLLABUS (BY THE COURT).

1. Upon the showing made by the appellant, the order of this court entered January 19, 1906, permitting an alias citation and extending for ninety days the time for service thereof was within the powers of this court.

2. The methods of service of citation named in section 2 of chapter 114 of the acts of 1905 are not exclusive.

3. Where a large number of appellees were not represented by counsel in the court below and their present residence is unknown so that they cannot be reached with citation either personal or by mail, service of citation by publication is permissible under C. L. Sec. 2964.

4. Where the record in the cause has been filed in this court and all that remains to invest it with complete jurisdiction is the service of citation, the cause is one pending in this court and the notice for publication mentioned in the last head note issues from this and not from the district court.

5. The provision of section 2, chapter 114 of the laws of 1905, as to the issuing of citation by the Clerk of the District court, applies only to the ordinary citation and not to any notice for publication issued in lieu thereof, this latter being issued out of this court where such cause is pending on appeal and being signed by the clerk of this court.

6. The citation issued in this cause examined and found sufficient as against the objections urged.

Motion to quash citation and dismiss appeal overruled.

McMILLEN and RAYNOLDS for the motion.

An appeal cannot be made returnable more or less than ninety days after the appeal is taken. Chapter 114, sec. 2, Laws of 1905.

Service of citation by publication is nowhere authorized. Section 2, Chapter 114, Laws of 1905. When no provision is made by law for a different mode, personal service is required. Elliott App. Proc. 183; Earl v. Mc. Veigh, 91 U. S. 508 & ca. ci.

Notice of appeal must be signed by the district clerk and published in the county where the cause is pending.

Notice of appeal shall contain the names of the parties to the cause. Elliott App. Proc., Secs. 143 to 145; Aloiso v. U. S., 5 Wall. 824; Kitchen v. Randolph, 93 U. S. 87; Kidder et al. v. Fidelity Trust Co., 105 Fed. 821.

Wherever the appeal is not allowed until after the term, then citation in the manner provided by law is absolutely necessary to confer jurisdiction. Hewitt v. Filbert, 116 U. S. 142.

CATRON & GORTNER, against motion.

Section 2, Chapter 114, Laws of 1905, only requires that citation be directed to the "opposite party."

The rule by which a writ of notice is tested is liberal. Elliott App. Pro., Sec. 170-1; Sheperd v. Brown, 30 W. Va. 20; Drew v. Anderson, 1 Cal. 44.

Reference may be had to the record on file to find out the relations the parties bore to each other in the court below. Guaranty Co. v. Buddington, 23 Fla. 520; Mussina v. Cavazos, 6 Wall. 361.

Right is inherent in all appellate courts to relieve against fraud, accident or excusable mistakes. Hutts v. Martin, 131 Ind. 2-3; Bank v. Inman, 133 Ind. 288-9.

The appellate court once having jurisdiction of the cause may take the necessary steps to bring before it the parties to the cause. The filing of the record in the Supreme Court within the proper time confers jurisdiction and citation thereafter may be had notwithstanding that it was not issued within time in which appeal should have been taken. Evans v. State Bank, 134 U. S. 331; Altenburg v. Grant, 83 Fed. 981; Bingham v. Morris, 7 Cranch. 99; Mendenhall v. Hall, 134 U. S. 567; Richardson v. Green, 130 U. S. 114; Dodge v. Knowles, 114 U. S. 438; Creddick v. Pritchett, Peck (Tenn.) 23; Lambert v. Vawter, 6 Rob. (La.) 127; Garrittee v. Popplein, 73 (Md.) 324; Ward v. Healy, 110 (Cal.) 589; U. S. v. Vigil, 10 Wall. 426.

The U. S. Supreme Court construes any order or document which notifies the opposite party of the pendency of the case in that court or requires them to appear and argue the case sufficient as a citation. Dodge v. Knowles, 114 U. S. 436.

Chapter 114, Laws of 1905, does not provide that appeals and writs of error, which shall be returnable in ninety days, shall be docketed prior to the next regular term or that they shall be tried prior to that term. Section 3140, Compiled Laws of 1897, has not been changed except by extending the time to ninety days.

Service of citation by publication is permissible in proceedings in rem. Compiled Laws of 1897, Secs. 2964, 2685, sub Sec. 24; Arndt v. Griggs, 134 U. S. 320; U. S. v. Fox, 94 U. S. 320; McCormick v. Sullivant, 10 Wheat. 202; Beauregard v. New Orleans, 18 How. 497; Snydam v. Williamson, 24 How. 427; Christian Union v. Yount, 101 U. S. 352; Lathrop v. Bank, 18 Dana 114; Essigg v. Lower, 21 N. E. 1090 (Ind.); Dillon v. Heller, 39 Kas. 599; Boswell's Lessee v. Otiss, 9 How. 348; Pennoyer v. Neff, 95 U. S. 734; Morenhaut v. Higuera, 132; Cal. 294; Nations v. Johnson, 24 How. 203; Harris v. Hardeman, et al., 14 How. 339; Fitzsimmons v. Johnson, 90 Tenn. 424; Free-

R. L. Baca v. Santiago Anaya.

man on Judg., Secs. 569 and 570; 2 Black on Judg., Sec. 912; Cone v. Hooper, 18 Minn., 531; Henderson v. Staniford, 105 Mass. 504.

It would not be in the power of the legislature to prevent an appeal or writ of error from any final decision of the District Court if so much of the law as prescribed any reasonable regulation that covers all cases is complied with. Sec. 1869, U. S. R. S.

CATRON & GORTNER, for Appellants.

As to jurisdiction of the court to entertain petition of intervention. Compiled Laws, secs. 3179-3183; 8 and 9 Will., 3, c. 31; N. Y. Code secs. 1538, 1540, 1543, 1544; 3 Starr & Curtis Ann. Stat., Ill., ch, 106, secs. 2912 et seq.; 2 R. S. Mo. 1899, secs. 7132, 7134, 7135, 7137, 7145; Cal. Civil Code, secs. 752, 759; Ind. Stat. vol. II, p. 361, secs. 1, 5; Clapp v. Bromagham, 9 Cow. 530, 569; Wilkins v. Wilkins, 1 John., ch. 115; Phelps v. Green, 3 John., ch. 304; Curran v. Spraull, 10 Grat. 147; Graves v. Graves, 3 Sneed 189; Overton's Heirs v. Woolfolk, 6 Dana 374, 375; Maxwell v. Maxwell, 8 Ired. Eq. 29; Parke v. Kane, 22 How. 13, 17; Parker v. Gerard, Amb. (108) 236; Marshall v. Crehore, 13 Met. 403, 464; Cuyler v. Ferrill, 1 Abb. C. C. 182; Foster v. Abbott, 8 Met. 596; Rochester v. Lee, 1 NcN. and G. 467; Bishop of Ely v. Kendrick, Bunb. 322; 2 Atk. 882, Amb. 236; Miller v. Dennett, 6 N. H. 109; Whittmore v. Shaw, 8 N. H. 393; Weeks v. Edwards, 176 Mass. 453; Cook v. Allen, 2 Mass. 461; Richardson v. Cambridge, 2 Allen 118; Carpenter v. Green, 11 Allen 26; 2 Gavin & Hord 361; Freeman on Cot. & Part., sec. 503; 21 A. & E. Enc. of Law, 2 ed. 1195; 1 Story Eq. Jur., secs. 646-658; Cooper Eq. Pl. 135; 2 Ban. Ch. Pr. 770; 2 Greenl. Crui. Dig. 378, 379; 4 Kent. 365; Lucas v. King, 10 N. J. Eq. 280; Obert v. Obert, Id. 100; Westen v. Stoddard, 137 N. Y. 119, 121, 125; Satterlee v. Cobbe, 173 N. Y. 95; Baker v. Oakwood, 123 N. Y. 16; Ellerson v. Westcott, 148 N. Y. 149; Biglow v. Biglow, 39 App. Div. (N. Y.) 103; Holder v. Holder, 40 Id. 255; Bender v. Terwilliger, 48 Id. 371; Drake v. Drake, 61 Id. 1; Cuyler v. Terrill, 1 Abbott, U. S. C. C.

182, 183; Call v. Barker, 12 Mc. 325; Larrabbee v. Rideout, 45 Mc. 193; Hassam v. Day, 39 Miss. 395; Shearer v. Winston, 33 Miss. 150; Ormond v. Martin, 37 Ala. 605; Griffin v. Griffin, 33 Ga. 109; Foster v. Jones, 17 So. Rep. 893; Chopin v. Bank, 47 La. Ann. 661; Cook v. Webb. 19 Minn. 170; Scarborough v. Smith, 18 Kan. 399; James v. Brown, 48 Ia. 569; Telford v. Barney, 1 Green (Ia.) 575; Barney v. Chittenden, 2 Id. 165; Wright v. Marsh, Id. 94; Wilson v. Dresser, 152 Ill. 389; Hovey v. Goings, 13 Ill. 95, 107, 108; Tobin v. Tobin, 45 Wis. 298; Nash v. Church, 10 Wis. 255, 303; Allie v. Schmitz, 17 Wis. 169; Fowler v. Davis, 38 Mo. 115; Holloway v. Holloway, 97 Mo. 633, 639 et seq.; Real Est. Sav. Inst. v. Collonious, 63 Mo. 290; Thompson v. Holden, 117 Mo. 126; Perry v. Richardson, 27 Ohio St. 110; Godfrey v. Godfrey, 17 Ind. 9; Walcot v. Wiglow, 7 Ind. 46; Milligan v. Poole, 35 Ind. 64; Miller v. Noble, 86 Ind. 527; Luntz v. Greve, 102 Ind. 173; Thorp v. Hanes, 107 Ind. 324; Isbell v. Stewart, 125 Ind. 112; DeUprey v. DeUprey, 27 Cal. 335; Morenhaut v. Higuera, 32 Cal. 293; Bolo v. Navarro, 33 Cal. 465; Gates v. Salmon, 35 Cal. 597, 598; Martin v. Walker, 58 Cal. 590, 597; Jameson v. Hayward, 106 Cal. 687; Adams v. Hopkins, 144 Cal. 29.

The facts are stated in the opinion.

### OPINION OF THE COURT.

POPE, J.—The petition of Filomena Perea de Otero to be allowed to intervene herein was dismissed on November 3, 1904. A final decree confirming the report of the commissioners who made partition between the original parties to the suit was thereafter entered on January 21, 1905. An appeal was taken from these proceedings by the intervenor on April 20, 1905, and the cause with printed transcript of record was docketed in this court on July 7, 1905. On January 2, 1906, a motion was made to quash appellant's citation and service upon the ground, among others, that only a small portion of the original defendants had been cited. This motion was confessed and the citation and service quashed on January 12, 1906.

Thereupon affidavits were filed by the intervenors and their counsel showing that the defects in the proceedings, resulting in the quashing of the citation, were not chargeable to her fault, but were due to causes which she was unable to avoid or anticipate. In these affidavits she further showed that in the suit below there were hundreds of parties, many of whom did not appear by counsel and whose whereabouts were unknown and could not be discovered. Upon this showing she prayed that she be granted an extension of time to serve citation upon such defendants and that such service be by publication. Upon this showing, this court, on January 19, 1906, made an order extending the time for service and return on such citation ninety days, with leave to the intervenor "to sue out or obtain such citation as the law may justify." Pursuant to this order, notice of the appeal and citation to appear were secured by plaintiffs from the clerk of this court and also from the clerk of the trial court and the first was published once a week for four consecutive weeks in a newspaper of general circulation, at Santa Fe, and the other for a like time in a similar paper in Bernalillo county. Proof of the publication being filed in this court, a motion to quash the citation and service attempted thereby and to dismiss the appeal has been filed by Joshua S. Raynolds and Alonzo B. McMillen. The motion proceeds generally upon three grounds; First, that there was no power in this court to make the order heretofore mentioned extending the time for service of citation; second, that service of citation from this court by publication was and is unauthorized by law, and third, that the citation in this case is defective in form.

As to the first of these contentions we are of opinion that the order giving the appellant further time to sue out and serve citation was within the powers of this court. While under Chapter 114 of the Laws of 1905, all appeals and citations are made returnable into this court ninety days after such appeals are taken, and while by rule five, citation is to be served at least five days before the return day, these do not militate against the power of this court to relieve against accidents and excusable mis-

takes in proper cases. Such power is, as indicated in Bank v. Inman, 133 Ind. 289, and Elliott on Appellate Procedure, Sec. 183, an "inherent power" possessed by "all courts of general superior jurisdictions." There is abundant precedent for this action in the federal courts. In the Supreme Court of the United States (as in this Territory before the Act of 1905,) appeals were originally made returnable to the next succeeding term, and it was held in Villabolos v. United States, 6 How. 81, and other early cases, that unless citation was served before the first day of the term, the appeal would be dismissed. By Dayton v. Lash, 94 U. S. 112, however, it was distinctly held, distinguishing these earlier cases, that such an omission did not avoid the appeal but rather furnished a case where the court might "grant summary relief by imposing such terms upon the appellants as under the circumstances may be legal and proper," and in that case the court says: "As this appeal was returnable to the present term and some attempt was made to serve the citation, which the appellants may have supposed was actually completed, we order that unless the appellants cause a new citation, returnable on the first Monday in February next to be issued and served upon the appellee before that date, the appeal be dismissed." The holding in this case was approved and followed in Railroad Company v. Blair, 100 U. S. 661, where appellants were given until the following February to sue out and serve citation upon the appellees. By the rules of the Supreme Court, announced January 7, 1884, (108 U. S. 577,) the return day of citations was changed and thereafter fixed in certain cases for the first day of the term and in others for the third Monday of the term, and it was made compulsory to serve the citation *before* the return day, but notwithstanding this last provision it has been uniformly held that the court might in its discretion permit a citation to be issued and served at any time before the end of the next ensuing term. Dodge v. Knowles, 114 U. S. 430; Hewitt v. Filbert, 116 U. S. 142; Richardson v. Green, 130 U. S. 114; Knickerbocker Life Ins. Co. v. Pendleton, 115 U. S. 339; Jacobs v. George, 150 U. S. 415.

R. L. Baca v. Santiago Anaya.

On January 26, 1891, (137 U. S. 710), the Supreme Court adopted the rule now in existence, making the return day for appeals respectively, thirty and sixty days (according to distance) from the date of citation, and requiring citation to be served *before* the return day, and yet under this condition, almost identical with that created by our Act of 1905, it has never, so far as we are aware, been questioned that the court had the discretion to grant "summary relief" in the proper case by extending the time for serving citations. Likewise, in the United States Circuit Court of Appeals, where citations are made returnable not exceeding sixty days after their date, and must be served before the return day, it is the practice to permit the issuance of citation during the term following the allowance of the appeal, even though the time for appeal has expired. Thus in Altenburg v. Grant, 83 Fed. 980, it was held that where a writ of error is seasonably returned and docketed before the term next ensuing after its allowance, the court may at such term order an *alias* citation to bring in parties not served with a former citation, though the time for taking the writ has then expired. To the same effect is Railroad Equipment Co. v. Southern Ry. Co., 92 Fed. 543. Both of these decisions are by Circuit Judge Taft and cite the Supreme Court cases above mentioned. We are of opinion therefore, that the order of January 19, 1906, allowing *alias* citation in this case, was a proper exercise of the appellate power of this court.

But it is urged that, conceding the power of the court to allow further citation, the citation taken out under that order, having been served by publication has, in effect, not been served at all for the reason that no provision of law exists for service by publication of citation on appeal. It is urged that the provision of Section 3 of the Act of 1905, to the effect that "such citations, both in case of writs of error and appeals, may be served by delivery of copies thereof to the opposite party or his attorney of record in the court below" is exclusive and precludes any other form of service as by publication or mailing. The effect of this contention, if tenable, is a very serious one for cases such as this. Upon the showing made

by the affidavits in this case, a large number of the appellees were not represented by attorneys, and their residences were and are unknown. It was therefore impossible to serve citation on their attorneys for they had none; neither could they be served personally or by mail, their whereabouts being unknown; neither could they have been reached by suing out an appeal in open court, for the reason that such securing of an appeal obviates citation under the Act of 1905, only when the opposite party or his attorney is present in court and there being no attorney and the parties and their residence not being known, neither of these conditions could be realized. The practical effect therefore of appellants' contention, if well founded, is altogether to preclude an appeal in a case such as this, and thus entirely to deny the right of review to any litigant simply because his adversary cannot be found or may have fled the jurisdiction. We cannot accede to a proposition fraught with such consequences unless demanded by the plain terms of the law, and upon careful consideration we are of opinion that such is not the law of this Territory. We are of opinion that the methods of service of citation prescribed by the Act of 1905 are not exclusive. While, if the parties or their counsel are accessible, service of citation upon either, will, under the terms of that act, of course, suffice, it does not follow because they are inaccessible to personal service that jurisdiction of this court to entertain the appeal is forever terminated. We believe that the Act of 1905, for instance, still leaves in effect rule five of this court providing that where the appellee is not a resident of the Territory and has no attorney of record residing within the Territory, the citation may be served by mailing to his last known address. But even this does not reach the present case, for as above shown, the residence and whereabouts of the greater number of appellees are unknown. Is the appellate jurisdiction of this court on this account to be defeated? In answer to this question, we have no occasion to determine what would be the situation in the absence of a statute authorizing constructive service nor how far under such circumstances this court would be justified in

R. L. Baca v. Santiago Anaya.

following "the manner pointed out by the general statute
relating to service of process." (2 Cyc. 817 and cases
cited). Such questions are in our judgment obviated by
the fact that we have in this Territory a statute broad
enough to cover an emergency of this kind. By C. L. Sec.
2964 it is provided that when "any plaintiff or complainant x x in any court of record of this Territory x x shall file in the office of the clerk of said court a sworn petition x x or affidavit, showing that the defendant, or any one or more of them in said cause, x x is in manner so situated that process cannot be served upon him or them x x or that his or their x x place of residence is unknown" publication of process may be had and when complete shall be sufficient service to invest the court with jurisdiction to adjudge the cause. While this and the almost identical provisions of Section 24 of the Code were undoubtedly intended primarily to provide for the courts of first instance, still we are of opinion that at least Section 2964 is sufficiently broad to permit publication of citation from this court. This section is taken from the act of January 2, 1874, the title of which was general, it being described as "a law providing for the service of process by publication." The Act of January 24, 1870, which it superceded and expressly repealed was special, in that, by its title it provided for "publication in the settlement of civil causes *in the District Court*." This difference in the title of the two acts is significant. Then by the very terms of Section 2964 it applies to "any courts of record," which is of course sufficiently comprehensive to include this court. When it is recalled as suggested in Kitchen v. Randolph, 93 U. S. 86, that while the appeal or writ of error brings up the record, the citation is simply the process bringing in the parties, we see no reason why an act providing for the service of process by publication in *any* court of record is not sufficient to include the process necessary for this court. Nor do we believe that any great weight in construing the act is to be given the use of the word plaintiff or complainant, as indicating that only the District Court is intended. Under the decision of this court in Bucher

v. Thompson, 7 N. M. 115, the Probate Courts are courts of record and thus the act is applicable to them, and yet in that court the words plaintiff and complainant are practically unknown as descriptive of the parties. We think that, as used in this act, the words signify simply the moving party, the one upon whom the burden of securing service of process rests. Nor do we find any obstacle to this conclusion in the fact that the Act of 1905 requires citation in cases of appeal to be signed by the clerk of the District Court. Our view is that that provision applies only to such citation as is served personally, or upon attorney, or by mailing and does not apply to notice by publication in lieu thereof. This latter must necessarily issue out of the court in which the appeal is pending, to-wit, this court. We are of opinion, therefore, that Section 2964 applies to this court and that summons issued by the clerk of this court and published for the period prescribed by law invests this court with jurisdiction over the persons of the appellees.

There remain to be considered a number of objections to the form of citation as published, these being in brief as follows: That the citation fails to show the title of the cause, the name of the court where determined, the date of final judgment, or that any final judgment was ever rendered, the taking of an appeal, or the date thereof, and does not name any one as appellant, or show that there are any appellants. We have carefully examined the citation in the light of these objections and are of the opinion that they are not well taken.

For the reasons above stated, the motion to quash the citation and dismiss the appeal is overruled.