609 P.2d 351
**Pedro G. RAEL, Appellant,**

v.

**GONZALES FUNERAL HOME, Appellee.**

**No. 4303.**

Court of Appeals of New Mexico.

March 18, 1980.

Pedro G. Rael, Albuquerque, for appellant.

Roberto L. Armijo, Las Vegas, for appellee.

## OPINION

SUTIN, Judge.

On October 27, 1977, Pedro G. Rael, a lawyer, filed an application in the Probate Court of San Miguel County for the appointment of Tillie Archuleta as personal representative of the estate of Ernest D. Archuleta, deceased, her son. The purpose of the application was to pursue a wrongful death action. The probate court appointed Tillie Archuleta to serve as personal representative of the estate. On September 21, 1978, the district court appointed Robert Sena, a lawyer, as guardian ad litem to represent the interest of Kathy Archuleta, a minor and the only daughter of deceased.

On December 14, 1978, the district court entered an order which made the following distribution:

(1) payment of $1,700.00 to Tillie Archuleta for services rendered and loans made to her son;

(2) payment of 50% of the outstanding funeral bill of $1,554.81; and

(3) the balance of the proceeds of the settlement made in the sum of $9,500.00 "after having deducted attorney's fees of not more than one-third of the $9,500.00 and expenses incurred by Tillie Archuleta as Administratrix," be distributed to Kathy Archuleta by placing the money in a bank until her 18th birthday and for other purposes.

On January 30, 1979, Gonzales Funeral Home, Inc. filed a petition in the probate court to terminate the appointment of Tillie Archuleta as personal representative and for its appointment in her place. A hearing upon this petition was ultimately vacated and never heard. Tillie Archuleta continued as personal representative of the estate.

On March 6, 1979, Rael filed a motion to withdraw as attorney for three reasons: (1) Tillie Archuleta refused to follow legal advice; (2) she sought other legal advice; and (3) a conflict arose as to who should receive certain funds in Rael's possession. A copy of the motion was mailed to Tillie Archuleta. The district court, the same day, allowed Rael to withdraw. This order was never challenged.

As of March 6, 1979, Rael retained the $9,500.00 paid by check to Tillie Archuleta and Rael, and deposited by Rael to his account. The order of distribution, however, had not been made. Rael was no longer the attorney for Tillie Archuleta as personal representative but retained the $9,500.00.

On May 10, 1979, Gonzales Funeral Home filed a notice of hearing on a motion of Tillie Archuleta which motion was attached to the notice of hearing. This motion sought to amend the order of December 14, 1978 which made distribution of the $9,500.00 settlement. There was no attorney for the estate. The motion must have been prepared by the attorney for the Gonzales Funeral Home because it sought payment of the full sum of $1,554.81, instead of 50%.

Following the signature of Tillie Archuleta as attorney pro se, Jay G. Harris, Conservator for the State Bar of New Mexico certified that he received and held the sum of $5,565.30, being the net proceeds due the estate "after deducting the following items from wrongful death proceeds recovered in the amount of $9,500.00:

Inquiry regarding accounting for the $3,934.70 deducted from the award should be addressed to Personal Representative's former counsel."

Based upon this certification, Rael retained $3,934.70, a sum of $768.04 in excess of a ⅓ amount in attorney fees ($3,166.66). No accounting was sought and none was made of any costs and expenses paid by Rael.

As of May 10, 1979, Rael, although not an attorney for the estate, did retain money which was due and owing Kathy Archuleta.

The notice of hearing dated May 10, 1979, stated that the hearing was set for trial on *May 24, 1979, but a copy of the notice was not sent to Rael. What occurred at this hearing is not of record.*

On July 9, 1979, Gonzales Funeral Home filed a second motion. This motion represented to the court that:

1. Petitioner * * * [has a] claim for funeral services rendered the decedent.

2. A hearing was held on Petitioner's claim and on other pending matters on *May 24, 1979, following which the Court announced its decision on its own motion that Pedro G. Rael * * * reimburse to the estate the sum of $552.12.* [Emphasis added.]

3. Pedro G. Rael has indicated his reluctance to comply with the Court's decision as noted in his letter, a copy of which is attached hereto and by reference made a part hereof.

The motion prayed for judgment allowing its claim and directing payment thereof.

Rael's protest letter of June 10, 1979, addressed to the district judge, stated that the attorney fee received by Rael was less than 33⅓ percent and his costs were reduced. But no accounting was made of the amount received or retained nor the costs expended. The letter also denied the Court's power to order the payment of $552.12.

On July 11, 1979, Gonzales Funeral Home gave notice to Rael and others that its motion for judgment allowing its claim was set for hearing on July 20, 1979.

On July 20, 1979, Rael not appearing, a hearing was held on the second motion of Gonzales Funeral Home. Its attorney stated the rulings of the trial court at the *May 24, 1979* hearing, that, among other matters, "the Court directed that out of the funds that Mr. Rael had received for his services that he should reimburse the Personal Representative the sum of five hundred dollars and, also, I believe an additional amount of $52.12 additional for other purposes."

This ruling, if made, was void, because the May 24, 1979, hearing, not of record, was held without notice to Rael.

However, the July 20, 1979, hearing did disclose that the $5,565.30 held by Harris as Conservator was delivered to Tillie Archuleta as personal representative and was then in her possession.

On the same day as the hearing, the court entered a final order that:

(1) The estate pay Gonzales Funeral Home $1500.

(2) The estate pay Sena, as guardian ad litem $157.00.

The order stated that the above awards be paid as follows:

(1) Rael shall reimburse the estate in the amount of $552.12, $500 of which shall be paid to Gonzales Funeral Home and $52.12 paid to Sena as guardian ad litem.

(2) The estate shall pay Tillie Archuleta $1700, $300 of which shall be deducted and paid to Gonzales Funeral Home and $52.12 paid to Sena as guardian ad litem, and

(3) The estate shall pay $700 to the funeral home and $52.12 to Sena as guardian ad litem.

The balance of the proceeds was ordered to be paid to Maxine Archuleta, the natural mother and guardian in fact of Kathy Archuleta.

In sum, the court allowed the claim of Gonzales Funeral Home and directed its payment by the estate, and the method by which the estate would pay the claim.

Inasmuch as no claim was made by the estate that Rael shall reimburse the estate in the sum of $552.12, and since Rael was not called before the court to account for the sum of $3,934.70 which he removed from the estate, the trial court lacked any authority to order the reimbursement.

Nevertheless, we are confronted with the nature of this appeal. Rael gave notice thereof to Gonzales Funeral Home, Sena and Harris. Neither Sena nor Harris have appeared in this appeal. The only party to appear and respond is the Gonzales Funeral Home. It does not claim to represent the estate, Maxine Archuleta, Tillie Archuleta, the personal representative, Sena or Harris. It has no interest in this appeal. Whether Rael reimburses the estate or not does not

affect the duty of the estate to pay the funeral claim in full.

■ The only parties affected by this appeal are Tillie Archuleta, personal representative, and Maxine Archuleta, the natural mother and guardian in fact of Kathy Archuleta. Neither party was served with notice of this appeal. "A party not so served shall not be a party to the appeal unless brought in by order of the appellate court." Rule 4(c) of the Rules of Appellate Procedure. We elect not to make these persons parties in this appeal.

We remand this case to the trial court. The court shall:

■ (1) vacate and set aside its final order filed on July 20, 1979; the court ordered reimbursement by Rael at the May 24, 1979 hearing of which Rael had no notice and was not present, and this was the subject of the July 20, 1979 hearing;

■ (2) direct Tillie Archuleta, as personal representative, to serve a copy of her petition of May 10, 1979 requesting amendment of the order of December 14, 1978 upon Pedro G. Rael, Roberto L. Armijo, attorney for Gonzales Funeral Home, Maxine Archuleta, natural mother and guardian in fact of Kathy Archuleta, Joseph Robert Sena, guardian ad litem of Kathy Archuleta. Each party shall have ten days in which to respond;

■ (3) direct that Pedro G. Rael file an accounting immediately of the sum of $3,934.70, stating the amount held as attorney fees and a detail of the costs and expenses paid during his term as attorney for Tillie Archuleta, personal representative, with copies thereof to all parties stated *supra* ;

(4) give immediate notice of the place, date and time of trial of the petition to Tillie Archuleta and the other parties stated *supra* ;

(5) the burden shall be upon Pedro G. Rael to establish the amount of his attorney fees and the costs and expenses paid; if Rael possesses any sum in excess of that allowed by the findings of the court, the excess amount shall be ordered paid to Tillie Archuleta, personal representative;

(6) after the hearing, the court shall request findings of fact and conclusions of law, shall render a decision, and enter a final order of distribution of the money in her possession; after the distribution has been made and reported to the court and the parties, the estate shall be closed.

IT IS SO ORDERED.

WALTERS, J., concurs.

ANDREWS, J., concurs in part and dissents in part.

ANDREWS, Judge (concurring in part and dissenting in part).

I agree with the majority that the trial court exceeded its jurisdiction in ordering Mr. Rael to pay over any amount of money where he had not been brought within the jurisdiction of the court. However, I would confine the action of this Court to a reversal of the order as it affects Mr. Rael. No other dispute is properly before this Court, and it is not the province of this Court to instruct the trial court in the particulars of the resolution of collateral matters.