■ HAROLD PECK et al., Appellants, v ERNST BROTHERS, INC., Respondent. — Appeal from an order of the County Court of Saratoga County, entered September 16, 1980, which denied plaintiffs' motion for an extension of time to serve a notice of appeal. Plaintiffs entered a default judgment against defendant on May 23, 1978. Defendant's motion to vacate was denied and the resultant order was affirmed by this court (Peck v Ernst Bros., 73 AD2d 735). On February 15, 1980, defendant again moved to vacate the default judgment on different grounds. The motion was granted. The order was entered and a copy with notice of entry was served on plaintiff's attorney on June 2, 1980. On June 9, 1980, a notice of appeal was filed in the Saratoga County Clerk's office. The notice of appeal was not served on the attorney for the defendant until July 8, 1980, 36 days after the entry of the order. A motion was then made to extend the time for service of the notice of appeal (CPLR 5520, subd [a]). County Court denied the motion. We reverse. While there is ordinarily no reason why an attorney should not perform simultaneously the two-step requirement of filing the notice of appeal in the clerk's office and mailing a copy to his adversary (CPLR 5515, subd 1), the failure to do one of the requisite two steps need not be fatal. A showing of "mistake or excusable neglect" may excuse lateness of performance of either one of the steps (Messner v Messner, 42 AD2d 889). Here, plaintiff's counsel timely filed his notice of appeal but failed to serve the notice because of erroneous

instructions given to his secretary. Since we are not concerned with the failure to act at all within statutory time limitations, that line of cases condemning "law office failure" as an excuse is inappropriate. CPLR 5520 (subd [a]) treats "defects and omissions" in the appellate process brought about by "mistake or excusable neglect" to perform one of two required acts to perfect an appeal as facts to be weighed by the courts in determining the good faith of the parties (7 Weinstein-Korn-Miller, NY Civ Prac, par 5520.01). Since we are of the view that plaintiffs had every intention of taking an appeal as evidenced by the filing of the notice of appeal within seven days of the entry of the order, we conclude that the order below must be reversed. Order reversed, on the law and the facts, with costs, and motion by plaintiff granted upon condition the notice of appeal is served on defendant's attorney within 10 days of the date of entry of the order herein. Mahoney, P. J., Kane, Main, Mikoll and Yesawich, Jr., JJ., concur.