740 P.2d 1174

**Dorothy Jean RUSSELL, Individually and by Kay Hampton and Treddis Russell, her Conservators and Personal Representatives, Plaintiffs-Appellees,**

v.

**UNIVERSITY OF NEW MEXICO HOSPITAL/BERNALILLO COUNTY MEDICAL CENTER, University of New Mexico Medical Center and University of New Mexico, Defendants-Appellants.**

**Nos. 9752, 9763.**

Court of Appeals of New Mexico.

July 2, 1987.

Certiorari Denied Aug. 14, 1987.

Steven E. Schonberg, Steven E. Schonberg, P.C., Albuquerque, Jerrold A. Bloch, Santa Ana, Cal., Mark Shapiro, Albuquerque, for plaintiffs-appellees.

Carl J. Butkus, Civerolo, Hansen & Wolf, P.A., Albuquerque, for defendants-appellants.

MINZNER, Judge.

On defendants' motion for rehearing, the prior opinion was withdrawn, and the cause was remanded for a factual inquiry by the district court. That inquiry having been made, a supplemental record and transcript has been filed with this court. After the supplemental record and transcript were filed, defendants filed a supplemental motion to dismiss. The following opinion now is substituted for the prior one.

This matter is before us on defendants' motion to dismiss plaintiffs' appeal for lack of jurisdiction. In a related action, defendants filed a motion in district court to strike plaintiffs' notice of appeal and related documents. The district court denied the motion and defendants have brought a separate appeal from that denial. At issue in both appeals is whether, under prior appellate rules, an appellant's failure to serve a timely notice of appeal on opposing counsel deprives the appellate court of jurisdiction to hear the appeal. In order to expedite the two appeals, we consolidate them and decide the common issue.

We hold that the late service of notice was not jurisdictionally defective and, on these facts, plaintiffs' appeal should be allowed to proceed. Consequently, we deny defendants' motions. Because our disposition as to plaintiffs' appeal renders defendants' appeal moot, we dismiss that appeal.

**BACKGROUND.**

Summary judgment was granted in favor of defendants on November 24, 1986. Plaintiffs filed a timely notice of appeal in the district court on December 23, 1986 under NMSA 1978, Civ.App.Rule 4 (Supp. 1985). *See also* NMSA 1978, Civ.App.R. 3 (Repl.Pamp.1984). It was not until January 20, 1987, however, that plaintiffs served notice of the appeal on opposing counsel and filed proof of service with the clerk of the district court. Under Civ.App. Rule 4(c), which required service of notice "[n]ot later than the date of filing the notice of appeal," service of the notice was untimely. *Cf.* SCRA 1986, 12–202(D)(3).

On January 16, 1987, defendants, having independently learned of the appeal by examining the district court record, filed a motion in the district court to strike the notice of appeal and related documents. A hearing on the motion was scheduled for January 21. On the afternoon of January 20, plaintiffs effected service of notice by hand-delivering a copy to counsel for defendants and also filed proof of service in the district court. The following day the district court denied defendants' motion to strike the notice of appeal. Defendants appealed that ruling, and also filed a motion in this court to dismiss plaintiffs' original appeal. Because defendants' appeal was from an order entered after December 31, 1986, it was subject to calendaring. *See* SCRA 1986, 12–210.

This court initially proposed to dismiss defendants' appeal on the ground that the district court lacked jurisdiction to hear and rule on the motion to strike. At the same time, we deferred ruling on defendants' motion to dismiss plaintiffs' original appeal. Both sides have filed various briefs, response memoranda and motions. As a result of their efforts, the issues that must be decided at this stage have been clarified, and we now resolve them.

We first discuss whether this court now has jurisdiction over plaintiffs' appeal and whether defendants have shown non-jurisdictional grounds to dismiss plaintiffs' appeal. Because we decide both these issues in favor of plaintiffs, we need not reach defendants' contention that the trial court had jurisdiction to entertain their motion to strike the notice of appeal. That contention rests on the premise that the notice of appeal was jurisdictionally defective, which our decision rejects.

**WHETHER TIMELY SERVICE OF THE NOTICE OF APPEAL WAS A JURISDICTIONAL REQUIREMENT IN NEW MEXICO UNDER PRIOR APPELLATE RULES.**

The procedural requirements for instituting an appeal are governed by statutes or rules that vary widely from jurisdiction to jurisdiction. 4 Am.Jur.2d, *Appeal and Error*, § 309 (1962). Thus, in New York, an appeal is perfected by either the timely filing of a notice of appeal or timely service of notice of appeal on opposing counsel; a showing of mistake or excusable neglect may excuse late performance of either one of these two steps. *Peck v. Ernst Bros., Inc.*, 81 A.D.2d 940, 439 N.Y.S.2d 515 (1981). Under North Carolina rules, however, both filing and service of the notice of appeal must be accomplished in order to confer appellate jurisdiction. *Shaw v. Hudson*, 49 N.C.App. 457, 271 S.E.2d 560 (1980).

Under the federal rules, an appeal is perfected by the sole act of filing a timely notice of appeal. 9 J. Moore, B. Ward & J. Lucas, *Moore's Federal Practice*, ¶ 203.10 (2d ed. 1987). However, as defendants have noted, the federal rule differs from the New Mexico rule in that it is the clerk of the court who is responsible for serving notice under the federal rule, whereas, under the New Mexico rule, that responsibility is on the appellant.

The question on appeal in this case requires that we construe our prior rules and cases in order to identify what was required of plaintiffs in this case. As stated above, plaintiffs' appeal was brought pursuant to Rule 4 of the old civil appellate rules. The service requirement contained in Civ.App.Rule 4(c) has been modified three times in recent years—most recently under the new appellate rules—and, arguably, each modification has served to make the service requirement ever more clearly a technical requirement.

The relevant language under the 1985 amendment is as follows:

*Service of notice of appeal.* Not later than the date of filing the notice of appeal any party appealing *shall* serve a copy thereof on all parties to the judgment, order or decision appealed from, * * * and promptly file proof of service with the clerk of the district court. If such service be made later than fifteen days before expiration of the time within which the appeal may be taken, any party so served may appeal within fifteen days after such service. [Emphasis added.]

Our cases recognize a distinction between subject matter jurisdiction, which does depend on the timely filing of a notice of appeal (or timely allowance of appeals under appellate rules prior to 1961), and personal jurisdiction, which is acquired through service of notice on the parties to the appeal. *See generally Pankey v. Hot Springs Nat'l Bank*, 42 N.M. 674, 84 P.2d 649 (1938). Our cases, under older versions of the relevant appellate rules, followed the rule that timely service of the notice of appeal is not a jurisdictional prerequisite to perfecting an appeal, *see id.*, but rather that appellate courts have inherent power to relieve against fraud, accident, or excusable mistakes, and that the appellate court, once having jurisdiction of the cause, may take the necessary steps to bring before it the parties to the appeal. *See, e.g., Baca v. Anaya*, 14 N.M. 20, 89 P. 314 (1907).

The power of appellate courts to add parties on appeal is expressly stated in NMSA 1978, Civ.App.Rule 21(a) (Repl. Pamp.1984) (now SCRA 1986, 12–301(A)), which provides that, *"At any stage of an appeal* the appellate court may, on motion or upon its own initiative, add, drop or substitute parties on such terms as it may deem proper." (Emphasis added.) Moreover, it should be noted that the initial subparagraph of Civ.App.Rule 4, now Rule 12–202(A), has remained substantially unchanged during this time, and that, unlike the counterpart rule in North Carolina, for instance—which requires both filing and service of notice—the New Mexico rule appears to condition jurisdiction on the sole act of filing a notice of appeal. Subparagraph (a) of the 1985 version of Civ.App. Rule 4 states simply that, "An appeal permitted by law as of right from a district court shall be taken by *filing* a notice of appeal with the clerk of the district court in which the judgment, order or decision appealed from is rendered within the time allowed * * *." (Emphasis added.)

Defendants seek a different result relying on our holding in *In re Application No. 0436–A*, 101 N.M. 579, 686 P.2d 269 (Ct.App.1984). In that case, we construed an administrative appeal statute, NMSA 1978, Section 72–7–1 (Repl.1985), which permits de novo appeals to the district court from administrative decisions of the state engineer. As defendants correctly note, we held in *In re Application No. 0436–A* that filing of notice of appeal and service of notice were both jurisdictional prerequisites under the statute. It should be noted, however, that the operative act for perfecting an appeal under Section 72–7–1(B) is not the filing of a notice of appeal in the district court, but rather, "serving a notice of appeal upon the state engineer and all parties interested within thirty days * * *." Thus, under Section 72–7–1(B), filing of notice and service of notice is accomplished simultaneously. Thus, by its terms, Section 72–7–1(B) precludes the problems presented under Rule 12–202, which makes filing of the notice and service of the notice a two-step process.

■ In *Childers v. Lahann*, 18 N.M. 487, 138 P. 202 (1914), the supreme court said that appeals are favored on the merits and that late service of notice would be granted by the appellate court upon a showing of good cause. Construing the relevant rules as a whole, and under our cases, we conclude that there is no jurisdictional barrier to plaintiffs' appeal.

**WHETHER GOOD CAUSE WAS SHOWN FOR UNTIMELY SERVICE OF NOTICE OF APPEAL.**

■ Neither the supreme court nor the court of appeals has added parties to an appeal without cause. *See Commercial Standard Ins. Co. of Ft. Worth, Tex. v. Hitson*, 73 N.M. 328, 388 P.2d 56 (1963); *Rael v. Gonzales Funeral Home*, 94 N.M. 269, 609 P.2d 351 (Ct.App.1980). This is not, however, a case in which there was a complete failure to serve notice of appeal. Rather, the issue is whether this court should invoke its inherent power to relieve against accidents and excusable mistakes, *Baca v. Anaya*, and its authority to add parties under Civ.App.Rule 21, and allow the appeal to proceed notwithstanding the late service of notice.

In making this determination, the court must consider the nature of the case, the reasons for the late service, and the actual prejudice to defendants. In remanding the cause after granting defendants' motion for rehearing, we directed the district court to conduct a factual inquiry into the reasons for late service, and any prejudice to defendants arising from the fact of late service and to make a determination of whether plaintiffs' neglect was excusable and whether defendants had been prejudiced. On remand, the trial court determined that plaintiffs' neglect was excusable and that defendants suffered no prejudice. In their supplemental motion to dismiss, defendants have argued that the court's findings are not supported by substantial evidence and that the burden of showing prejudice should be placed on plaintiffs. We disagree.

 Plaintiffs' lead trial counsel was on vacation when the notice of appeal was filed. He instructed an associate to supervise the progress of the appeal in his absence and instructed his secretary to make sure the notice of appeal was timely filed. It was standard office practice for his secretary to serve all pleadings and notices on opposing counsel. Counsel served notice of appeal on defendants' counsel as soon as the matter was brought to his attention. Although we do not condone the oversight in this case, we consider the importance of the case, which involves a personal injury claim involving serious injuries. Also, we consider the fact that defendants demonstrated no actual prejudice as a result of the untimely notice. *See In re Application No. 0436-A. In re Application No. 0436-A* held that a showing of prejudice was necessary to deprive the district court of jurisdiction. We conclude that there was a sufficient showing of accident or excusable mistake and that such a showing permits us to allow plaintiffs' appeal to proceed. *See Peck v. Ernst Bros., Inc.; Baca v. Anaya.* We are not persuaded that the burden of showing prejudice should be placed on plaintiffs. *See Pankey v. Hot Springs Nat'l Bank.*

Notwithstanding the express language of Civ.App.Rule 21, and the lack of limitation therein, defendants argue that the rule can have no application after the time for filing a notice of appeal has expired. Defendants cite two cases that we believe are distinguishable. In *Clark v. Rosenwald,* 30 N.M. 175, 230 P. 378 (1924), the court held that an indispensable party cannot be joined after the prescribed time for filing the appeal has run. However, *Clark v. Rosenwald* was expressly distinguished in a later case on the grounds that the appellate rule applicable in *Clark v. Rosenwald* was subsequently modified. The court in *Ferguson-Steere Motor Co. v. State Corporation Commission,* 59 N.M. 220, 282 P.2d 705 (1955), observed that the applicable rule was revised so that "[t]here is no time limit by statute or rule on the right to make application to add parties [in the appellate court], though obviously unseemly delay, or prejudice to the opposite party, would be factors of great weight in looking with disfavor on such an application." *Id.* at 225, 282 P.2d at 708.

The second case cited by defendants is *Brown v. New Mexico State Board of Education,* 83 N.M. 99, 488 P.2d 734 (1971). Like *Clark v. Rosenwald,* this case was distinguished in a subsequent case. *Montoya v. Department of Fin. & Admin.,* 98 N.M. 408, 649 P.2d 476 (Ct.App.1982). Moreover, *Brown v. New Mexico State Board of Education* is factually distinguishable from this case in that the party sought to be added on appeal in *Brown v. New Mexico State Board of Education* was not a named party in the lower court proceeding.

The policy of favoring appeals on their merits is expressed in NMSA 1978, Civ. App.Rule 31 (Supp.1985) (now SCRA 1986, 12–312), and in many decisions of the supreme court and this court. On the record before us, this policy should prevail. Accordingly, defendants' motions to dismiss plaintiffs' appeal are denied.

**CONCLUSION.**

We hold that plaintiffs' appeal was not jurisdictionally defective because under the relevant rules late service may be excused.

We further hold, on these facts, that good cause was shown to allow plaintiffs' appeal to proceed. Under these circumstances, we need not reach defendants' contention that the trial court had jurisdiction to strike plaintiffs' notice of appeal. Because we have jurisdiction over plaintiffs' appeal, it is clear that defendants' initial and supplemental motions to dismiss the appeal were properly before this court, and that defendants' appeal is now moot. Defendants' appeal is dismissed.

IT IS SO ORDERED.

BIVINS and GARCIA, JJ., concur.