752 P.2d 248

**Joseph SCHLEFT, Individually, and William A. Schleft and Connie Schleft, Individually, and as parents and next friends of Joseph Schleft, Plaintiffs–Appellants,**

v.

**The BOARD OF EDUCATION OF the LOS ALAMOS PUBLIC SCHOOLS, Defendant–Appellee.**

**No. 10170.**

Court of Appeals of New Mexico.

Jan. 28, 1988.

Steven L. Tucker, Jones, Snead, Wertheim, Rodriguez & Wentworth, P.A., Santa Fe, for plaintiffs-appellants.

James C. Murphy, Montgomery & Andrews, P.A., Santa Fe, for defendant-appellee.

**OPINION**

FRUMAN, Judge.

Plaintiffs appeal the dismissal, with prejudice, of their claims for personal injury against defendant. The judgment dismissing the claims also awarded defendant its reasonable costs. This court issued a calendar notice proposing to dismiss the appeal because the record proper indicated that plaintiffs had objected to defendant's cost bill and further action in the trial court was still contemplated on this issue, rendering the judgment nonfinal. There is no contention that this case is appealable under NMSA 1978, Section 39–3–4. *See Thornton v. Gamble,* 101 N.M. 764, 688 P.2d 1268 (Ct.App.1984). After receiving plaintiffs' memorandum in opposition and defendant's response to the proposed dis-

missal, this court entered an order directing the parties to brief the following issue: Whether the pendency of the amount of costs renders an otherwise final judgment nonfinal and, thus, nonappealable. On the basis of the following, we hold that the pendency of a proceeding solely to determine the amount of costs does not render an otherwise final judgment nonfinal.

A judgment becomes final for purposes of appeal when all issues of law and fact necessary to be determined are determined and the case is completely disposed of so far as the trial court has power to do so. *Johnson v. C & H Const. Co.*, 78 N.M. 423, 432 P.2d 267 (Ct.App.1967). Although New Mexico courts have not determined the precise issue presented in this case, our supreme court has stated that a proceeding to fix the amount of costs is a proceeding to carry out the judgment allowing costs and, therefore, a trial court has jurisdiction to determine the amount of costs after the notice of appeal has been filed. *Prudential Ins. Co. of America v. Anaya*, 78 N.M. 101, 428 P.2d 640 (1967). A corollary to this statement is that the pendency of a proceeding to determine the amount of costs is not sufficient to render a final judgment nonfinal. *See Foster v. Addington*, 48 N.M. 212, 148 P.2d 373 (1944) (judgment is final when it completely disposes of a controversy so that any further proceeding is only to carry judgment into effect).

This court has previously determined that a judgment deferring the issue of attorney fees in a worker's compensation case is neither final nor appealable. *Johnson v. C & H Const. Co.* However, as plaintiffs have noted, *Johnson* is factually distinguishable from the present case. The court in *Johnson* deferred a ruling on plaintiff's request for attorney fees and clearly contemplated further proceedings before it on that issue. In the present case, the trial court awarded defendant costs and the judgment does not indicate the need for further proceedings. In fact, the possibility of further proceedings was not raised until approximately one month after the entry of judgment when plaintiffs filed their objections to defendant's cost bill.

Furthermore, the award of attorney fees in worker's compensation cases differs significantly from the award of costs in other cases. The supreme court has held that the award of attorney fees in compensation proceedings is part of the judgment, rather than part of the costs. *Genuine Parts Co. v. Garcia*, 92 N.M. 57, 582 P.2d 1270 (1978). *See also Jaffe v. Sundowner Properties, Inc.*, 808 F.2d 1425 (11th Cir.1987) (order failing to fix amount of attorney fees not final for appeal because sanction of attorney fees was not collateral to, but part of, sanction of dismissal under discovery rules). Under the law in effect when *Johnson* was decided, the court was required to determine the amount of attorney fees, if any, and those fees were included as a claim for relief in the complaint. *See* NMSA 1978, § 52–1–54; *Johnson v. C & H Const. Co.* (pleadings raised issue of attorney fees). The award of attorney fees was integral to the compensation claims presented in the *Johnson* complaint.

Costs, however, do not necessarily represent a claim for relief in an action. In cases such as this one, where costs are awarded in a judgment of dismissal, costs are usually not included among defendant's claims for relief. Instead, costs were awarded based on this defendant having prevailed *against* the claim for relief. *See* SCRA 1986, 1–054(E) and NMSA 1978, § 39–3–30. Therefore, the failure to fix the amount of costs is not a failure to adjudicate a claim for relief under Rule 1–054(C). We note that costs may be taxed by the district court clerk without further proceedings, while the amount of attorney fees in worker's compensation actions is determined by the district court. *Compare* Rule 1–054(E) with NMSA 1978, § 52–1–54.

Our holding is consistent with the federal case law cited by the parties. For example, in *Baughman v. Cooper–Jarrett, Inc.*, 530 F.2d 529 (3d Cir.1976), the trial court awarded attorney fees as part of the costs in an antitrust action without fixing the amount of the fees awarded. The appellate court determined, without discussion, that the failure to determine the amount of

fees did not render the judgment nonfinal for purposes of appeal. In *Mekdeci v. Merrill Nat'l Laboratories*, 711 F.2d 1510 (11th Cir.1983), the trial court dismissed plaintiff's appeal from an order awarding defendant costs but failed to fix the amount of those costs. However, the merits of plaintiff's appeal from the jury verdict were considered on appeal, despite the lack of an order fixing the amount of costs awarded. Similarly, if plaintiffs in the present case had appealed the award of costs, the appeal as to costs would have been dismissed for lack of a final order. Should plaintiffs seek an appeal of costs in this case, they would have to file a separate appeal from an order fixing the award after the order is entered.

Having determined the judgment appealed from was final, this court will proceed to consider the merits of the issues raised on appeal and will issue a calendar notice pursuant to SCRA 1986, 12–210. *See State v. Boyer*, 103 N.M. 655, 712 P.2d 1 (Ct.App. 1985).

IT IS SO ORDERED.

DONNELLY, C.J., and ALARID, J., concur.