780 P.2d 1160

**Ron OLGUIN, Bernalillo County Manager, Plaintiff–Appellee,**

v.

**COUNTY OF BERNALILLO, New Mexico, The Board of County Commissioners of Bernalillo County; Lenton Malry, Chairman, Orlando R. Vigil, Vice Chairman; Patricia D. Cassidy, Member; Henry Gabaldon, Member; and Jacquelyn Schaefer, Member, Defendants–Appellants.**

**No. 11167.**

Court of Appeals of New Mexico.

June 13, 1989.

Joe C. Diaz, Bernalillo County Atty., J. Edward Hollington, Asst. County Atty., Albuquerque, for defendants-appellants.

Phillip A. Martinez, Albuquerque, for plaintiff-appellee.

**14**

## OPINION

**DONNELLY, Judge.**

Does the failure of a cross-appellant to file a timely notice of cross-appeal, as required by SCRA 1986, 12–201(A) and (B), deprive this court of jurisdiction to entertain the cross-appeal? We hold that it does and dismiss the cross-appeal.

Plaintiff, Ron Olguin, the former county manager of Bernalillo County, sued the county and its commissioners after they passed a resolution requiring commission approval of any terminations or hirings of management level personnel. Olguin's complaint sought a declaratory judgment determining that the resolution was null and void and also sought issuance of a writ of mandamus requiring the commission to rescind any actions taken pursuant to the resolution. The district court entered the declaratory judgment and writ on November 7, 1988, granting Olguin the requested relief but denying his request for attorney fees. Defendants filed a notice of appeal on December 6, 1988, in the district court but failed to timely serve a copy on Olguin. Olguin filed a notice of cross-appeal on February 20, 1989, seventy-six days following the date of the filing of defendant's appeal.

■ This court entered an order directing the parties to appear for a hearing to determine whether this court possesses jurisdiction to entertain the merits of the cross-appeal, and whether defendants' appeal should be dismissed as a sanction under SCRA 1986, 12–312, for their failure to timely serve Olguin with the notice of appeal. We dismiss the cross-appeal for lack of jurisdiction based on the untimely filing of the notice of cross-appeal and decline to dismiss defendants' appeal. We assess, however, reasonable attorney fees and costs related to Olguin's failed cross-appeal against defendants as a sanction under Rule 12–312.[1]

The certificate of service on the notice of appeal filed by defendants fails to contain any indication of the date service was made. The certificate was filed in the court of appeals on January 17, 1989. Olguin's trial attorney has filed an affidavit with this court indicating that she spoke with Olguin on December 6 and 8, 1988, and informed him that no notice of appeal had been filed. The affidavit of Olguin's trial attorney also states she did not move to formally withdraw from the case prior to the date of defendants' appeal because she had not received notice that an appeal had been filed. She was first notified of the fact that defendants had filed an appeal on or about January 4, 1989, when she received a copy of defendants' motion to extend the time to file their docketing statement.

Olguin's trial counsel obtained a copy of defendants' notice of appeal on January 5, 1989, after she had contacted defendants' counsel and requested that he send her a copy. That same day she mailed a copy of the notice of appeal with a letter to Olguin, informing him that she was filing a formal notice of withdrawal and that there are procedural deadlines in the appellate process which could affect his rights but which she had not reviewed. Olguin received but did not open this letter. At oral argument Olguin asserted he did not personally know of the notice of appeal until his new attorney informed him of the notice on February 12 or 13, 1989, in part because he neglected to open his mail from former counsel. His notice of cross-appeal was filed on February 20, 1989.

Rule 12–201(A) provides in applicable part: "If a timely notice of appeal is filed by a party, any other party may file a notice of appeal within ten (10) days after the date on which the first notice of appeal was served or within the time otherwise prescribed by this rule, whichever period last expires."

■ Under the above rule, Olguin had ten days from the date the notice of appeal

---

1. We do not dismiss defendants' appeal for lack of jurisdiction based on late service of their notice of appeal, since that notice was timely filed. *See Russell v. University of New Mexico* *Hosp.,* 106 N.M. 190, 740 P.2d 1174 (Ct.App. 1987) (late service of notice of appeal does not deprive appellate court of jurisdiction to entertain appeal).

was served by defendants to file his notice of cross-appeal. Although Olguin did not request an extension of time to file his notice of cross-appeal from the district court, we note the district court was without authority to grant any request after sixty days from the date the judgment and writ were entered. R. 12–201(E)(4). Since the judgment and writ were entered on November 7, 1988, Olguin would have had only one day from the date of service on his counsel of record to request and obtain an order granting his motion. Although Olguin argues on appeal that the late filing was caused by excusable neglect, he cites to no authority authorizing this court to extend the time for filing notices of appeal or cross-appeal. *Cf.* R. 12–201(E)(1) & (2) (authorizing the district court to extend the time for filing).

The issue of whether the failure to file a timely notice of cross-appeal is jurisdictional is an issue of first impression in this jurisdiction, although several prior decisions have discussed the necessity for filing a separate or cross-appeal in order to obtain appellate review of issues sought to be raised by a cross-appellant. *See, e.g., State ex rel. State Highway Dep't v. Yurcic,* 85 N.M. 220, 511 P.2d 546 (1973) (no cross-appeal taken on issue of attorney fees; therefore, nothing for court to consider although raised by appellee); *Reynolds v. Ruidoso Racing Ass'n,* 69 N.M. 248, 365 P.2d 671 (1961) (court would not consider issues raised in answer brief denominated cross-appeal). *Cf. In re Application No. 0436–A Into 3841 to Change Point of Diversion and Place and Purpose of Use of Surface Waters,* 101 N.M. 579, 686 P.2d 269 (Ct.App.1984) (untimely filing of proof of service of notice of appeal was not a jurisdictional defect).

A review of analogous federal decisions indicates that federal courts adhere to the general rule that untimely filings of notices of cross-appeal will result in a loss of jurisdiction to entertain the cross-appeal. *See* 9 J. Moore, B. Ward & J. Lucas, *Moore's Federal Practice* ¶ 204.11[5] (2d ed. 1989). *See, e.g., IUE AFL–CIO Pension Fund v. Barker & Williamson, Inc.,* 788 F.2d 118 (3d Cir.1986) (cross-appeal filed five days late dismissed where party made no attempt to explain delinquency nor to obtain an extension); *Rodriguez v. VIA Metro. Transit Sys.,* 802 F.2d 126 (5th Cir.1986) (no jurisdiction to hear cross-appeal filed three days after time had run and where no extension had been granted); *In re Interstate Agency, Inc.,* 760 F.2d 121 (6th Cir. 1985) (court of appeals had no jurisdiction to entertain cross-appeal filed one day late); *Art Janpol Volkswagen, Inc. v. Fiat Motors of N. Am., Inc.,* 767 F.2d 690 (10th Cir.1985) (cross-appeal for attorney fees dismissed for lack of appellate jurisdiction where original notice, filed while motion still pending in district court, was not renewed after final order denying attorney fees). *See also Richland Knox Mut. Ins. Co. v. Kallen,* 376 F.2d 360 (6th Cir.1967) (court could not acquire jurisdiction over belated cross-appeal merely because appeal by opposing party was perfected).

In this case, Olguin's attorney of record received the notice of appeal on January 5, 1989, and sent a copy of the notice of appeal to Olguin the same day. The notice of cross-appeal was not filed until February 20, 1989, well after the time for filing had expired. R. 12–201(A); SCRA 1986, 12–308. Because the notice of cross-appeal was not filed within the time required, we determine this court is without jurisdiction to hear the merits of the cross-appeal. *IUE AFL–CIO Pension Fund v. Barker & Williamson, Inc.*

Defendants admitted at oral argument that they failed to serve their notice of appeal in a timely fashion and that they had no explanation for their failure to serve opposing counsel of record with a copy of the initial appeal until January 5, 1989. *See* SCRA 1986, 12–202(D)(3), 12–307(B). *See also* SCRA 1986, 1–005. Under these circumstances, defendants must therefore be deemed to bear some responsibility for the untimely filing of the notice of the cross-appeal. As a sanction for violating the appellate rules noted above, we assess against defendants a fine of $750 and Olguin's costs and attorney fees of $750 incurred in relation to his

cross-appeal. *See* R. 12–312(D). *See also Miller v. City of Albuquerque*, 88 N.M. 324, 540 P.2d 254 (Ct.App.1975) (award of reasonable attorney fees may be assessed against a party as a sanction for failure to comply with rules of discovery).

In order to address the merits of defendants' appeal we will issue a calendar notice on the appeal pursuant to SCRA 1986, 12–210. *See Schleft v. Board of Educ.*, 107 N.M. 56, 752 P.2d 248 (Ct.App.1988).

The cross-appeal is dismissed for lack of jurisdiction, and costs and attorney fees related to the cross-appeal are assessed against the defendants in accordance with this opinion.

IT IS SO ORDERED.

BIVINS, C.J., and ALARID, J., concur.