## CITY OF WASHINGTON v. DENNISON.

1. A writ of error not sealed until eleven days after the judgment which it would seek to reverse was rendered, cannot operate as a supersedeas.
2. Nor one where there has been an omission to serve the citation before the return day of the writ.

ERROR to the Supreme Court of the District of Columbia.

This was a motion for a supersedeas of an execution against the City of Washington, plaintiffs in error, founded upon a writ of error, bond and citation, in compliance with the twenty-second and twenty-third sections of the Judiciary Act.

The twenty-second section referred to, enacts that this court may examine judgments in Circuit Courts upon writ of error, to which shall be annexed and returned therewith, at the day and place therein mentioned, an authenticated transcript of the record, an assignment of errors and prayer for reversal, with a citation to the adverse party, signed, &c., and the adverse party having at least thirty days' notice.

The twenty-third section enacts, that this writ of error

"Shall be a supersedeas and stay of execution in cases only where the writ of error is served by a copy thereof being lodged for the adverse party in the clerk's office where the record remains, *within ten days, Sundays exclusive, after rendering the judgment* complained of."

In the present case the judgment was rendered on the 23d of November, 1867. The writ of error, though made out before and placed in the clerk's office, was not sealed till the 6th of December, which was eleven days after the judgment was rendered.

The term of the court for 1867 began on the 2d of December. The citation was served on the 6th of that month.

*Mr. J. H. Bradley, for the plaintiff in error ; Messrs. Davidge and Fendall, contra.*

Mr. Justice NELSON delivered the opinion of the court.

The act gave to the city ten days, exclusive of Sundays, to sue out the writ of error, and take the other necessary steps which are required to operate as a supersedeas. The ten days expired on the 5th of December.

According to the settled practice, if the writ of error is sued out before the first day of the term, it must be made returnable on the first day of the next term, and so as to the citation; and, if sued out after, it must be made returnable the first day of the succeeding term.*

The cases cited also show, that both the writ and citation must be served before the return day—the writ by filing it in the clerk's office, and the citation by serving it on the party, or his attorney, or counsel.

In the present case it is, perhaps, sufficiently shown that the writ was placed in the clerk's office before the return day, but it was not sealed till the 5th of December, and until then it was a nullity.† Writs of error from this court to the Supreme Court of the District of Columbia are sued out under the same regulations as in cases of judgments in the Circuit Courts of the United States.‡

The writ, therefore, not being sealed till the 5th day of December, eleven days after the judgment, it was too late to operate as a supersedeas, and it cannot be amended in this respect, as was held in *Hodge et al.* v. *Williams.*§

But if this objection could have been avoided, the omission to serve the citation before the return day of the writ is fatal.*   It was not served till 6th of December.

MOTION DENIED.

---

* Villabolos *v.* United States, 6 Howard, 89, 90; United States *v.* Curry, Id. 106, 112; Insurance Co. *v.* Mordecai, 21 Id. 195.

† Overton *v.* Cheek, 22 Howard, 46; Act of Congress, May 8, 1792, § 9.

‡ Brightly's Digest, 234, § 5; 12 Stat. at Large, 764, § 11.

§ 22 Howard, 87.