## DAYTON *v.* LASH.

An appeal, although allowed out of term, is not avoided by the non-service of a citation; but this court will impose such terms upon the appellant as, under the circumstances, may be legal and proper.

ON motion to dismiss an appeal from the Circuit Court of the United States for the District of Minnesota.

*Mr. Lorenzo Allis* in support of the motion.
*Mr. Thomas J. Durant, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This record shows that an appeal was allowed, a *supersedeas* bond approved, and a citation signed Feb. 26, 1876; but it does not show a service of the citation, and the affidavits presented upon this motion fail to satisfy us that proper service was ever in fact made. The appeal however, duly obtained; and the record has been filed and the cause docketed here. We have, therefore, the record; but a service of the citation is necessary to bring the parties before us, as the appeal was taken out of term. We cannot proceed to hear and determine the cause until the parties are here, either constructively by service, or in fact by their appearance.

Perhaps the language of Mr. Chief Justice Taney, in *Villa-bolos* v. *United States*, 6 How. 90, and in *United States* v. *Curry*, id. 112, as well as of Mr. Justice Nelson, in *City of Washington* v. *Dennison*, 6 Wall. 496, if read literally and without reference to the facts then under consideration, may be broad enough to justify a dismissal of this appeal, because the citation was not served before the first day of the term. But in the case of Villabolos, the real question was as to the validity of the citation, and not as to its service, if valid; in Curry's case, the citation was not issued until after the term at which the appeal was returnable; and in *City of Washington* v. *Dennison*, the effort was to obtain a *supersedeas* in a case where the writ was not sealed until eleven days after the rendition of the judgment. None of the cases made it necessary to decide that a citation actually issued upon the allowance of an appeal must be served before

The first day of the term, in order to preserve our jurisdiction; and we think that such an omission does not avoid the appeal, it rather furnishes a case where, under the rule in *Martin Hunter's Lessee*, 1 Wheat. 361, and followed in *Davidson* v. *anier*, 4 Wall. 454, we " may grant summary relief " " by imposing such terms upon the appellants as under the circumstances may be legal and proper."

As this appeal was returnable to the present term, and some attempt was made, to serve the citation, which the appellants may have supposed was actually completed, we order that, unless the appellants cause a new citation, returnable on the first Monday in February next, to be issued and served upon the appellee before that date, the appeal be dismissed.