WILLIAM L. ELLIS, Respondent, *against* THE PHENIX NATIONAL BANK, Appellant.

(Decided June 25th, 1883.)

The acts of Congress of August 6th, 1861, and July 17th, 1862, confiscating property used for insurrectionary purposes and property of rebels, did not authorize the confiscation of property of a corporation.

APPEAL from a judgment of this court entered upon the decision of a judge upon a trial by the court without a jury.

The facts are stated in the opinion.

*Flamen B. Candler*, for appellant.

*E. Ellery Anderson*, for respondent.

CHARLES P. DALY, Chief Justice.—The evidence sustains
the conclusion of Judge VAN BRUNT that the receiver, on
the 5th of December, 1870, put up for sale, and the plaintiff
bought for $100, a balance due from the, defendant to the
Georgetown Bank of $5,629.23, which was purchased for
this small sum, being regarded by the receiver as worthless.
Why he so regarded it does not appear in the testimony,
beyond the fact, which probably explains his impression,
that previously, on the 5th of January, 1865, a balance of
$12,117.38, remaining in the defendants' bank to the credit
of the Georgetown Bank, was seized, under proceedings for
its condemnation as forfeited to the United States, and
under which proceedings a judgment had been rendered of
condemnation and forfeiture. The receiver found, by the
books of the Georgetown Bank, that there was a balance
in its favor in defendants' bank of $129.23; and that a
draft had been sent by that bank to the defendants' bank,
for collection, for $5,500, which the receiver supposed had
been collected, but which was not the fact. He assumed
therefore that the balance in the defendants' bank to the
credit of the Georgetown Bank consisted of these two
sums, amounting to $5,629.23, which he explained to the
plaintiff before the sale. This draft for $5,500 was on the
list of assets, and marked worthless; but the $129.23
was not.

The receiver testified that in selling the draft for $5,500,
which, as I have said, he supposed had been collected, "all
other claims on the Phenix Bank were sold at the same
time," and Ellis, the plaintiff, being the purchaser, as above
stated, the receiver gave him a certificate in writing, stating
that among other choses in action, belonging to the Bank
of Georgetown, South Carolina, was a debit balance of
$5,629.23, due by the Phenix Bank of New York, some-
where at or about the commencement of the late war,
"which said indebtedness," the certificate declared, was
purchased by the plaintiff.

Upon this state of facts, Judge VAN BRUNT came to the
conclusion that the plaintiff bought the balance, whatever

it was, up to the sum of $5,629.23, and from whatever source it may have originated. In his opinion, he says, the receiver's certificate of sale clearly shows this to have been the understanding ; and, I think, in this conclusion he was correct. This being the fact, it could, as Judge VAN BRUNT held, in no way impeach the title of the plaintiff that the receiver was mistaken as to the manner in which the balance was made up. Having sold, for a good consideration, to the plaintiff, what he regarded as a debit balance of $5,629.23, due by the defendants' bank at the commencement of the war to the Georgetown Bank, the sale transferred to the plaintiff whatever indebtedness existed up to that amount, and entitled him to recover from the defendants the actual balance, which was $2,117.38, with interest from the commencement of the suit.

The judge was also right in holding that the confiscation proceedings, under which the balance remaining in the defendants' bank was seized and condemned as forfeited to the United States, constituted no defense to this action, the court, in this judgment of condemnation and forfeiture, having acted wholly without jurisdiction. There is nothing in the act of August 6th, 1861, entitled, " An act to con-fiscate property used for insurrectionary purposes," or in the subsequent act of July 17th, 1862, entitled, " An act to suppress insurrections, to punish treason and rebellion, to seize and confiscate the property of rebels, and for other purposes," authorizing the confiscation of the property of a corporation. The 5th section of the latter act specifies six classes of persons whose property may be seized under it, and in this enumeration corporations are not included by name or necessarily by implication.

The respondent suggests that the opinion of Mr. Justice STRONG, in *The Planters' Bank* v. *The Union Bank* (6 Wall. 496), that under neither of the above acts " was the property of a banking institution made confiscable," was merely *obiter ;* but, as was said by Mr. Justice ANDREWS, in delivering the opinion of the court in *Risley* v. *The Phenix Bank* (83 N. Y. 335), "it cannot be supposed in

view of the importance of the subject and the frequent occasions upon which the court had been called upon to consider the scope and effects of the confiscation acts, that the remarks of Mr. Justice STRONG upon the subject, in an opinion in which the whole court concurred, were made without full consideration or without the acquiescence of his associates."

This point, also, was not essential to the decision of our own Court of Appeals in *Risley* v. *The Phenix Bank* (*supra*), but in that case the same opinion was expressed by Judge ANDREWS in delivering the opinion of the court, and, as we understand his language, with the concurrence of his associates.

The question, however, is directly involved in the case now before us. It will be unnecessary, in passing upon it, to set forth our reasons more fully, as they are given at length in the opinions of Mr. Justice STRONG and Mr. Justice ANDREWS in the cases above cited. It will be sufficient to say that we are of the same opinion, and that the judgment of the Special Term should be affirmed.

J. F. DALY and BEACH, JJ., concurred.

Judgment affirmed.*

---

* The judgment entered upon this decision was affirmed by the Court of Appeals May 9th, 1884 (see 96 N. Y. 630).