[No. 1257, July 26, 1910.]

M. G. PADEN, et al., Appellants, v. AMERICAN PLACER CO., et al., Appellees.

### SYLLABUS.

A citation is one of the necessary elements of an appeal taken after the term, and if it is not issued and served before

the end of the next ensuing term of this court, and not waived, the appeal becomes inoperative.

Appeal from the District Court for Lincoln County before EDWARD A. MANN, Associate Justice. Motion to dismiss sustained.

GEORGE W. PRICHARD for Appellants.

HEWITT & HUDSPETH for Appellees.

No briefs filed.

### OPINION OF THE COURT.

PER CURIAM:—In this cause the appellees move to dismiss the appeal entered in this court, October 29th, 1908, on the ground that the citation provided for by Sec. 2, Ch. 57, Session Laws of 1907, was not issued or served. From the record before us it appears that such was the case. It also appears that the appeal was not taken in open court at the term at which the case was tried but was granted later on motion, without any hearing in which the appellees participated, or of which so far as appears appellees had notice.

In Jacobs v. George, 150 U. S. 415, Chief Justice Fuller, speaking for the court said: "It must be regarded as settled that: (1) Where an appeal is allowed in open court, and perfected during the term at which the decree or judgment appealed from was rendered, no citation is necessary; (2) Where the appeal is allowed at the term of the decree or judgment, but not perfected until after the term, a citation is necessary to bring in the parties; but if the appeal be docketed here at our next ensuing term, or the record reaches the clerk's hands seasonably for that term, and legal excuse exists for lack of docketing, a citation may be issued by leave of this court, although the time for taking the appeal has elapsed; (3) Where the appeal is allowed at a term subsequent to that of the decree or judgment, a citation is necessary, but may be issued properly returnable, even after the expiration of the time for

taking the appeal, if the allowance of the appeal were before; (4) But a citation is one of the necessary elements of an appeal taken after the term, and if it is not issued and served before the end of the next ensuing term of this court, and not waived, the appeal becomes inoperative."

It is true that the court has sometimes overruled such motions on terms permitting the citation to be served later than the time prescribed, as in Dayton v. Lash, 94 U. S. 112, and Railroad Company v. Blair, 100 U. S. 661. But in the former case it appeared that "some attempt was made to serve the citation which the appellants may have supposed was actually completed"; and in the latter, that the appellee had been represented in court on the hearing of the motion to grant an appeal and the court said the appellant was warranted in assuming that the appellee waived service of the citation.

This court has also fully considered the question in the case of Baca v. Anaya, 14 N. Mex. 20, 26, and based its conclusion as to the power of the court principally on the two cases last cited.

As the court stated in Baca v. Anaya, the Supreme Court of the United States has "uniformly held that the court might in its discretion permit a citation to be issued and served at any time before the end of the next ensuing term," that is, the term of the appellate court to which it was properly returnable. But no case has been called to our attention in which it has been permitted later than that or unless for good cause shown. But in this cause there is nothing in the record to indicate that the appellees ever knew there had been an appeal.

There has been granted by this court on motion of the appellants a writ of certiorari for the completion of the record but the appellees were not represented or so far as appears notified in the matter. Nearly two years have passed since the appeal was allowed and no cause whatever is shown why the appellants did not apply to the clerk of the district court for the requisite citation and have service made on the appellees as required by law.

While we are reluctant to dispose of any cause except upon the merits of the questions involved, we cannot with-

out ignoring the plain and explicit provisions of the statute do otherwise than sustain the motion to dismiss, and it is so ordered.