POOLER et al. v. HYNE (two cases).

(Circuit Court of Appeals, Seventh Circuit. October 25, 1912.)

Nos. 1,944, 1,945.

APPEAL AND ERROR (§ 396*)—APPEAL IN EQUITY—JURISDICTION OF COURT ON APPEAL—SERVICE OF CITATION ON APPELLEE—NECESSITY.

Jurisdiction of the court on appeal in an equity case is acquired on the allowance of the appeal, and service of citation on appellee is needful only to docket the appeal for hearing when allowed without his presence, either actual or constructive, and where the appeal is allowed during the term all parties are constructively present, and service is not required, but where the appeal is allowed after the term in the absence of appellee, service must be made before the appeal is docketed for hearing.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2099, 2102; Dec. Dig. § 396.*

Jurisdiction of Circuit Court of Appeals in general, see notes to Lau Ow Bew v. United States, 1 C. C. A. 6; United States Freehold Land and Emigration Co. v. Gallegos, 32 C. C. A. 475.]

Appeal from the District Court of the United States for the District of Indiana.

Suits between Cecelia Lukins Pooler and another and Silas Hyne and Jennie Hyne. From decrees for the latter, the former appeal. Conditionally dismissed.

J. T. Hanna, of Chicago, Ill., for appellants.

G. V. Menzies, Roscoe U. Barker, and Walter S. Jackson, all of Mt. Vernon, Ind., for appellees.

Before SEAMAN and KOHLSAAT, Circuit Judges.

PER CURIAM. Motions are presented in each of these appeals: First, on behalf of the appellee, to dismiss the appeal (1) for failure to serve the citation issued therein within 6 months after the entry of the decree, and (2) for failure of the appellants to pay the clerk's estimate of costs for printing the record; and, second, on behalf of the appellants for extension of time for payment of such costs, on affidavit of cause therefor.

1. The motions for dismissal of the appeal for want of jurisdiction are overruled. The decree appealed from in each case was entered December 21, 1911, and the trial court allowed the appeal and issued the citation June 18, 1912—after the term during which the decree was entered, but within 6 months from such entry. Although service of the citations upon the appellants was not obtained until June 24, 1912, the jurisdiction of this court is unaffected by the fact of such service after the expiration of the 6 months. Dayton v. Lash, 94 U. S. 112, 24 L. Ed. 33; Jacobs v. George, 150 U. S. 415, 14 Sup. Ct. 159, 37 L. Ed. 1127. The various authorities cited in support of the motion—in reference either to writs of error or to appeals in other jurisdictions—are inapplicable to these appeals in equity under the federal practice, wherein jurisdiction of the cause is acquired upon allowance of the appeal. Citation of the appellees is needful only for the purpose of docketing the appeal for hearing, when allowed without their presence, either actual or constructive. If allowed during the term, all parties are constructively present, and citation is not required; but allowance after the term entitled the appellees, in their absence, to service of citation before the appeal is docketed for hearing. So, the motion to dismiss for want of such service is without force. See In re T. E. Hill Co., 148 Fed. 832, 78 C. C. A. 522.

The other motions, to dismiss for failure to pay the estimate for printing the record, remain open, subject to compliance on the part of the appellants with leave to make such payment, as hereinafter allowed.

2. The applications on behalf of the appellants for an extension of time to pay the costs estimated for printing the record in the appeals, respectively, show reasonable cause for an extension of 60 days from and after the commencement of the current term of this court. Leave is granted accordingly to make the payments within such period; and in the event of nonpayment thereof, as thus authorized, rules shall be entered for dismissal of the appeals respectively.