564 F.Supp. 806 (1983)
Bobby JENKINS, Kevin Elliott and Larry Milburn, Plaintiffs,
v.
Darrell WERGER, Sheriff, Goshen County, Wyoming, and A.G. McClintock, Attorney General of Wyoming, Defendants.
No. C83-0128-K.
United States District Court, D. Wyoming.
June 14, 1983.
*807 Stephan L. Pevar, American Civil Liberties Union, Denver, Colo. and Daniel Blythe, Cheyenne, Wyo., appeared on behalf of plaintiffs.
Vincent J. Horn and Richard P. Boley, Cheyenne, Wyo., appeared on behalf of defendants.

ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT
KERR, District Judge.
The above-entitled matter having come on regularly for hearing before the Court upon plaintiffs' motion for partial summary judgment, and the Court having heard the arguments of counsel in support of and in opposition to said motion, and having carefully considered the memoranda together with all other material herein, and being fully advised in the premises, FINDS as follows:
The motion in question challenges the constitutionality of W.S. § 18-6-309 which provides:
If any person confined in jail is unruly or disorderly or willfully or wantonly destroys or damages any article of bedding or furniture or any part of the prison the sheriff after due inquiry may cause such person to be kept in solitary confinement for not more than five (5) days for any offense, and during such confinement the prisoner shall be fed only bread and water unless other food is absolutely necessary for the preservation of his health.
This Court is of the opinion that the above-cited statute is void for vagueness and violative on its face of the Eighth and Fourteenth Amendments to the United States Constitution.
*808 A statute is unconstitutionally vague when "men of common intelligence must necessarily guess at its meaning and differ as to its application...." Connally v. General Construction Co., 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322 (1926); see also Coates v. City of Cincinnati, 402 U.S. 611, 91 S.Ct. 1686, 29 L.Ed.2d 214 (1971); United States v. Schell, 692 F.2d 672 (10th Cir.1982); Love v. Mayor, City of Cheyenne, Wyo., 448 F.Supp. 128 (Wyo. 1978). Specifically, the due process clause is violated when persons are not warned of prohibited conduct and must guess at the outcome of their behavior under statute, are unable to form a defense because the forbidden conduct is general and uncertain, are restrained from innocent conduct for fear of violating the forbidden unknown, and are subject to the arbitrary decisions of those enforcing vague laws. Papachristou v. City of Jacksonville, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972); Lanzetta v. New Jersey, 306 U.S. 451, 59 S.Ct. 618, 83 L.Ed. 888 (1939); see also Coates v. City of Cincinnati, supra.
Wyoming Statute § 18-6-309 provides punishment for unruly or disorderly behavior. While the words "unruly" and "disorderly" bring some type of behavior to mind, the exact nature of the "mental picture" clearly and necessarily differs from person to person. When such general and undefined behavior arbitrarily subjects a person to retribution, due process is violated in each of the ways discussed above. Clearly, application of the standards set forth by the United States Supreme Court result in a determination that the statute in question here is vague to the point of unconstitutionality; in fact, that Court has already made similar determinations. Terms such as "disturbance of the peace," "breach of peace," "unrest," "disturbance," "annoy," and others in the nature of "unruly" or "disorderly" have been criticized and found to be vague. "Conduct that annoys some people does not annoy others." Coates v. City of Cincinnati, supra at 614, 91 S.Ct. at 1688. Many types of behavior can be restricted and even prohibited, but not constitutionally "through the enactment and enforcement of an ordinance whose violation may entirely depend upon whether or not a [law enforcement officer] is annoyed." Id. at 614, 91 S.Ct. at 1688. Similarly, under the statute in question here, inmates of a local jail may not constitutionally be subjected to reprimand and punishment for behavior which without guidelines the sheriff determines is "unruly" or "disorderly."
An additional problem with W.S. § 18-6-309 is that the punishment proscribed, a diet of bread and water for up to five days, violates the Eighth Amendment to the United States Constitution  the right to be free from cruel and unusual punishment  applied to the states through the Fourteenth Amendment to the United States Constitution.
The United States Supreme Court has said that the Eighth Amendment "embodies `broad and idealistic concepts of dignity, civilized standards, humanity, and decency ...,' Jackson v. Bishop, 404 F.2d 571, 579 (CA 8 1968), against which we must evaluate penal measures. Thus, we have held repugnant to the Eighth Amendment punishments which are incompatible with the `evolving standards of decency that mark the progress of a maturing society,' Trop v. Dulles, [356 U.S. 86, 78 S.Ct. 590 at 598, 2 L.Ed.2d 630] at 101" (additional citations omitted). Estelle v. Gamble, 429 U.S. 97, 102, 97 S.Ct. 285, 290, 50 L.Ed.2d 251 (1976). Lower courts, following these guidelines have dealt specifically with the issue of adequate diet. "[T]he state must provide an inmate with a `healthy habilitative environment.' This includes providing nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." (citations omitted) Ramos v. Lamm, 639 F.2d 559, 570-571 (10th Cir.1980), cert. den. 450 U.S. 1041, 101 S.Ct. 1759, 68 L.Ed.2d 239 (1981). "Water, fire protection, air and food are necessities of life .... Without the basic minimums prisons are doomed to failure, with both society and the inmates incarcerated therein the losers." *809 Battle v. Anderson, 564 F.2d 388, 395 (10th Cir.1977). An inmate is "entitled to be confined in an environment which does not result in his degeneration" and which does not pose a threat to mental and/or physical well being. Id. at 403. See also Stickney v. List, 519 F.Supp. 617 (D.Nev.1981); Landman v. Royster, 333 F.Supp. 621 (E.D.Va. Richmond Division 1971).
While this Court is very reluctant to interfere with prison administration and discipline, placing an inmate on a diet of bread and water for five days is behavior previously condemned by other courts, which cannot be condoned by this Court. The very ability to implement such a "punishment" shall not be allowed to exist. A diet of bread and water is inconsistent with standards of decency required by the Constitution and the United States Supreme Court; it is nutritionally inadequate, and while physically deteriorating to nearly all, could for some, seriously impair health. See Affidavit of Dr. Edward M. Bender filed in this case June 10, 1983; Landman v. Royster, supra.
Inmates of local jails, state or federal penitentiaries may be disciplined. However, the conduct for which that discipline is imposed must be clear, understandable and specific, and the discipline must not deprive an inmate of the necessities of life, one such necessity being food.
Based on the above findings, NOW, THEREFORE, IT IS
ORDERED that plaintiffs' motion for summary judgment be, and the same is, hereby granted and W.S. § 18-6-309 is hereby declared unconstitutional; it is
FURTHER ORDERED that defendants be, and the same are, hereby enjoined from enforcing said statute.