**Ronald Duane NEWTON,**
**Appellant (Defendant),**

v.

**The STATE of Wyoming,**
**Appellee (Plaintiff).**

**No. 84–150.**

Supreme Court of Wyoming.

April 26, 1985.

Steven R. Laird, Jarvis & Laird, Buffalo, signed the brief and appeared in oral argument for appellant.

A. G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, Sr. Asst. Atty. Gen., and Sylvia Lee Hackl, Asst. Atty. Gen., Cheyenne, signed the brief for appellee. Sylvia Lee Hackl and John R. Perry, Deputy County Atty., Johnson County, Buffalo, appeared in oral argument.

Before THOMAS, C.J., and ROSE, ROONEY, BROWN and CARDINE, JJ.

ROONEY, Justice.

Appellant Ronald Duane Newton was found guilty of a violation of § 6–5–204(a), W.S.1977,[1] after a trial to the court on a stipulation of facts. He appeals from the resulting judgment and sentence, contending that § 6–5–204(a) was not violated under the facts of this case as a matter of law.

We affirm.

Appellant was stopped by a highway patrolman on Interstate 25 for speeding at 72 miles per hour in a zone posted as 55 miles per hour. When asked for his driver's license, appellant said he did not have it with him. When asked for his name, address and date of birth, appellant gave his brother's name and birth date; i.e., Raymond L. Newton, born August 1, 1955. A radio check reflected Raymond L. Newton's driver's license had been suspended. The patrolman then issued two citations, one for driving with a suspended license and one for speeding. When there was no court appearance pursuant to the citations,

a bench warrant was issued, and Raymond L. Newton was arrested. When the patrolman met with Raymond L. Newton after the arrest, he realized that Raymond L. Newton was not the person to whom the citations were issued. Investigation determined that person to be appellant. Appellant was then arrested and charged with interference with a peace officer and with driving while his license was suspended.

Appellant argues that (1) the furnishing of false information to the officer was a mere "passive" form of speech which was insufficient to amount to obstructing, impeding or interfering with the officer in the performance of his duty; (2) the statute is unconstitutionally vague; and (3) enforcement of the statute deprived appellant of his right to remain silent and of his freedom of speech.

## FALSE INFORMATION

 There are a number of ways in which one may impede, obstruct or interfere with an officer in the performance of his duties without the use of actual force.[2] Although appellant's argument makes reference to situations involving hostile actions, verbal abuse, etc., we are here concerned only with the issue of whether or not the false information furnished to the highway patrolman impeded, obstructed or interfered with the performance of his official duties.

 Speech can amount to impediment, obstruction or interference with a law enforcement officer. In *Tillett v. State*, Wyo., 637 P.2d 261, 264 (1981), we said:

"The use of actual, direct or threatened force is not indispensable to the commission of the crime of interfering with a police officer. [Citations.] Mere remon-

1. Section 6–5–204(a), W.S.1977, provides:
"A person commits a misdemeanor punishable by imprisonment for not more than one (1) year, a fine of not more than one thousand dollars ($1,000.00), or both, if he knowingly obstructs, impedes or interferes with or resists arrest by a peace officer while engaged in the lawful performance of his official duties."

2. See Annotation: What Constitutes Obstructing or Resisting an Officer, in the Absence of Actual Force, 44 A.L.R.3d 1018. This annotation discusses acts such as threats, criticisms, arguments, blocking paths, refusal to obey orders, going limp, flight, destruction of property, etc.

strances or criticisms of an officer are, however, not ordinarily sufficient to sustain a charge of interference. * * * "It has also been said that, while mere remonstrances are not enough, verbal abuse alone may become sufficient to constitute the crime where its intensity, or the totality of several acts is such as to amount to an interference with an officer in the performance of his duty. [Citations.]"

In this instance, we are not concerned with criticism, remonstrances, verbal abuse or intimidation. Nor are we concerned with a refusal to talk or to give any information at all. Appellant simply furnished the officer with false information. If, by doing so, he obstructed, impeded or interfered with the patrolman in the lawful performance of his duties, he violated the statute. This is a question of fact, and it was found against appellant by the finder of fact.

" * * * We will not substitute our judgment for that of the trier of fact, findings of fact will be presumed to be correct and we will set them aside on appeal only where such findings are 'clearly erroneous or contrary to the great weight of evidence,' * * *." *Yost v. Harpel Oil Company*, Wyo., 674 P.2d 712, 716 (1983).

See *In re Stringer's Estate*, 80 Wyo. 389, 343 P.2d 508 (1959).

The trial court did not make written findings of fact and conclusions of law, but it did make some findings from the bench, including:

" * * * [T]he fact that a false name was given interfered with the peace officer's performance of his duty in that he would then have some difficulty in locating the individual and proceeding with the aid in the prosecution of the alleged offense. That act then constitutes obstruct, [sic] impediment or interference with a peace officer who was engaged in the lawful performance of his duties which counsel have stipulated that the peace officer was at the time."

In any event:

" * * * [A] general finding and judgment for the successful party carries with it every finding of fact which can reasonably and fairly be drawn from the evidence. * * * " *Burk v. Burzynski*, Wyo., 672 P.2d 419, 425 (1983).

See *Starrett v. Shepard*, Wyo., 606 P.2d 1247 (1980).

In addition to that considered by the trial court as obstruction, interference or impediment, appellant also caused the arrest of a third person. A peace officer has the duty not to interfere with the lawful rights of citizens. Appellant interfered with this duty by causing a warrant to be issued for the arrest of Raymond L. Newton. Appellant's action interfered with and impeded the mission or duty of the patrolman to preserve the peace and enforce the laws in a peaceful, orderly and efficient manner.

In summary, a peace officer may be obstructed, interfered with or impeded in the lawful performance of his official duties in violation of § 6–5–204(a) by speech, passive or otherwise and including the giving of false information. Whether or not the speech or the furnishing of false information resulted in such obstruction, interference or impediment is a question of fact. The finder of fact in this case found that the false information furnished by appellant did so result. There was ample evidence to support the finding.

## VAGUENESS

Appellant's argument that § 6–5–204(a) is unconstitutionally vague is in itself vague. He recognizes the general rule that a statute is void for vagueness only if persons of common intelligence must necessarily guess at its meaning and differ as to its application. *Jenkins v. Werger*, 564 F.Supp. 806 (D.C.Wyo.1983). Said another way, if legislative intent can be ascertained with reasonable certainty, a statute is not unconstitutionally vague. *Haddenham v. City of Laramie*, Wyo., 648 P.2d 551 (1982). Appellant also acknowledges that § 6–5–204(a) can be violated in two fash-

**1152**

ions: one, by obstructing, impeding or interfering with the peace officer, and two, by resisting arrest. Appellant recognizes that the second prohibition is not here involved. But, appellant does not indicate wherein the meaning of the statute is not clear.

█ Each of the three words, "obstructs," "impedes" and "interferes," is a word of common usage and accepted meaning by those of ordinary intelligence. Dictionary synonyms include such words as "hinder," "intermeddle," "deter," "hamper," "prevent," "delay," "thwart" and "inhibit." All of these are words of recognized meaning by those of ordinary intelligence.

" * * * [T]he statute was made purposefully broad to cover actions which might not be otherwise unlawful, but which obstructed or hindered law enforcement officers in carrying out their duties. * * * " *Hudson v. State,* 135 Ga.App. 739, 218 S.E.2d 905, 907 (1975).

The legislative intent to prohibit that which would interfere with law enforcement officers as they go about their duties is manifest. A person of common intelligence need not guess at the meaning and intended application of the statute. Of course, and as already noted, as in other factual issues, whether or not a particular action does obstruct, impede or interfere with the law enforcement officer in the performance of his duties is for the determination of the fact finder.

### FREE SPEECH AND RIGHT TO REMAIN SILENT

In contending that the constitutional protections of free speech and of the right to remain silent were "problems" in connection with this case, appellant does not cite any authority or present a cogent argument. We do not consider issues not supported by cogent argument and pertinent authority. *Eaton v. State,* Wyo., 660 P.2d 803 (1983); *Ostrowski v. State,* Wyo., 665 P.2d 471 (1983). Appellant more than exercised his rights to free speech and to remain silent in this instance.

Affirmed.