**CORR–WILLIAMS WHOLESALE CO., INC. OF MERIDIAN, Plaintiff,**

v.

**STACY WILLIAMS COMPANY, INC., Defendant.**

**Civ. A. No. E85–0153(L).**

United States District Court, S.D. Mississippi, E.D.

Oct. 31, 1985.

Thomas D. Bourdeaux, Bourdeaux & Jones, Meridian, Miss., for plaintiff.

William J. Threadgill, Threadgill, Smith, Sanders & Jolly, Columbus, Miss., and Ralph E. Young, Jr., Deen, Cameron, Pritchard, Young & Kittrell, Meridian, Miss., for defendant.

## MEMORANDUM OPINION
## AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on amended motion of defendant Stacy Williams Company, Inc. (Stacy Williams) for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff Corr-Williams Wholesale Co., Inc. of Meridian (Corr-Williams) filed timely response to the motion, and the court has considered the memoranda with attachments submitted by the parties.

Corr-Williams' complaint in this cause charges Stacy Williams with willful violation of the provisions of the Mississippi Unfair Cigarette Sales Law, Miss.Code Ann. §§ 75–23–1, –27 (1972). The complaint alleges that Stacy Williams, a wholesale grocery company, engaged in unfair and anti-competitive business practices in violation of the statute by offering retailers in the Meridian area a $.25 rebate on each carton of cigarettes purchased from Stacy Williams, and otherwise selling cigarettes below its cost. Corr-Williams seeks a permanent injunction together with actual damages, punitive damages, attorney fees and costs. Stacy Williams raises as an affirmative defense and as the basis for its motion for summary judgment the asserted unconstitutionality of the Mississippi Unfair Cigarette Sales Law. Specifically, Stacy Williams asserts that (1) the statute is unconstitutional insofar as it prohibits competitive price cutting without requiring proof of intent on the part of the defendant to injure competitors *and* to destroy or lessen competition by engaging in intentionally destructive price cutting; (2) the statute is patently violative of the Due Process Clause of the Fourteenth Amendment and various sections of the Mississippi Constitution as it regulates competitive pricing in a business not affected with the public interest; and (3) the rebate provision of the Mississippi Unfair Cigarette Sales Law, Miss.Code Ann. § 75–23–7, bears no rational relationship to any legitimate state interest.

Stacy Williams' first ground of attack on the statute derives from a strained interpretation of Miss.Code Ann. § 75–23–7, which provides in pertinent part:

It shall be unlawful for any wholesaler or retailer, with intent to injure competitors *or* destroy *or* substantially lessen competition, to advertise, offer to sell, or sell, at retail or wholesale, cigarettes at less than cost to such wholesaler or retailer, as the case may be. It shall be unlawful for any wholesaler or retailer with intent to injure competitiors *or* destroy *or* substantially lessen competition to offer a rebate in price, to give a rebate in price, to offer a concession of any kind or to give a concession of any kind or nature whatsoever in connection with the sale of cigarettes ... (Emphasis by Stacy Williams).

Stacy Williams urges this court to give substantive meaning to the use of the allegedly disjunctive "or" as it appears in the statute. Stacy Williams construes the use of "or" in the statute as requiring proof of intent only in the context of a party charged with injuring competitors and not requiring any further proof that the party charged has the concomitant specific intent of destroying or substantially lessening competition. Insofar as a violation of the statute can be found without proof of specific intent to destroy or lessen competition, and only on proof of intent to injure competitors, Stacy Williams contends that the statute violates the Fourteenth Amendment of the U.S. Constitution and Sections 14 and 17 of Article 3 of the Mississippi Constitution.[1]

1. Article 3, Section 14 of the Mississippi Constitution states:
"No person shall be deprived of life, liberty, or property except by due process of law." Article 3, Section 17 provides:
Private property shall not be taken or damaged for public use, except on due compensation being first made to the owner and owners thereof, in a manner to be prescribed by law; and whenever an attempt is made to take private property for a use alleged to be public, the question whether the contemplated use be public shall be a judicial question, and,

Stacy Williams cites *Simonetti, Inc. v. State of Alabama*, 272 Ala. 398, 132 So.2d 252 (1961), in support of its construction of the Mississippi statute. *Simonetti* involved a similar constitutional challenge to the Alabama Unfair Cigarette Sales Act, which read in pertinent part:

> It shall be unlawful for any wholesaler or retailer, with intent to injure competitors, destroy or substantially lessen competition, to advertise, offer to sale, or sell at wholesale or retail, cigarettes at less than cost to such wholesaler or retailer as the case may be.

132 So.2d at 254.

■ The Alabama Supreme Court held that the Alabama statute, which mirrors the Mississippi statute in relevant part except for the use of a comma between the words "competitors" and "destroy" where the Mississippi statute uses the word "or", met constitutional muster. Stacy Williams correctly points out that central to the holding in *Simonetti* was the court's finding that the above quoted language required proof of "dual, conjunctive, or cumulative intent to injure competitors *and* destroy or substantially lessen competition." 132 So.2d at 263 (emphasis original). This court notes that the constitutional question would be at least closer if competitive price cutting with only the intent to injure competitors were enough to invoke the statutory prohibition of the Mississippi Unfair Cigarette Sales Law. It is only when such intent to injure competitors is coupled with an intent to destroy or substantially lessen competition that the state is justified in exercising its police power in protection of the public welfare. 132 So.2d at 262. However, this court declines to give the use of the word "or" in Miss.Code Ann. § 75-23-7 the substantive interpretation urged by Stacy Williams. Clearly, the statute requires proof of intent to both injure competitors and destroy or substantially lessen competition. Embracing Stacy Williams' interpretation would be to render the "or destroy or substantially lessen competi-

tion" language of the statute a mere redundancy.

Such interpretation would also make irrelevant the types of "prima facie evidence of intent to injure competitors *and* to destroy or substantially lessen competition" listed in Miss.Code Ann. § 75-23-7(b) (emphasis added). Simply put, why list the types of prima facie evidence of intent if intent to injure competitors, an undeniably meager proof requirement, were enough to trigger the statutory prohibition? The answer is that proof of intent to injure competitors, standing alone, is expressly insufficient to do so.

This court's interpretation of the statute to require cumulative intent to injure competitors and destroy or substantially lessen competition is further bolstered by the expression of legislative intent in Miss.Code Ann. § 75-23-3:

> It is hereby declared to be the legislative intent to encourage fair and honest competition, and to safeguard the public against unfair, dishonest, deceptive, destructive, and fraudulent business practices existing in transactions involving the sale of, offer to sell, or inducement to sell, cigarettes in the wholesale and retail trades in this state.

In light of the above referenced specific language in the statute and the clear public protection goals of the statute, this court is of the opinion that the Mississippi Unfair Cigarette Sales Law does not violate due process.

■ This court's review of the statute under the two remaining constitutional challenges asserted by Stacy Williams is limited. At the outset, the court would note that the Fourteenth Amendment substantive due process analysis urged by Stacy Williams has been at least tacitly abandoned by federal courts since the Supreme Court's decision in *Williamson v. Lee Optical Co.*, 348 U.S. 483, 75 S.Ct. 461, 99 L.Ed. 563 (1955).[2] The standard of judicial re-

---

as such, determined without regard to legislative assertion that the use is public.

2. In *Williamson,* 348 U.S. at 488, 75 S.Ct. at 464, the court declared,

view of such state laws regulating business is the "rational basis" test. *Vance v. Bradley,* 440 U.S. 93, 99 S.Ct. 939, 59 L.Ed.2d 171 (1979); *New Orleans v. Dukes,* 427 U.S. 297, 96 S.Ct. 2513, 49 L.Ed.2d 511 (1976); *Williamson,* 348 U.S. at 488, 75 S.Ct. at 464; *Nebbia v. New York,* 291 U.S. 502, 54 S.Ct. 505, 78 L.Ed. 940 (1934). The same standard applies when a statute regulating business is attacked under the due process provisions of the Mississippi Constitution: the legislation must not appear to be arbitrary or capricious and must have a reasonable relation to a legitimate end. *Mississippi Milk Commission v. Vance,* 240 Miss. 814, 129 So.2d 642, 653 (1961) (quoting *Nebbia,* 291 U.S. at 507); *Craig v. North Mississippi Community Hospital,* 206 Miss. 11, 39 So.2d 523, 528 (1949).

▉ Utilizing the analysis discussed above, this court cannot agree with Stacy Williams that the rebate provision of the Mississippi Unfair Cigarette Sales Law bears no rational relation to the state's legitimate interest in protecting healthy market competition in this state. While the legislature is under no duty to pick the least restrictive means for furthering its legitimate interests, *Williamson,* 348 U.S. at 487–88, 75 S.Ct. at 464–65, restricting rebates offered to retailers by wholesalers is a reasonable, indeed necessary, way to ensure fair competition in the tobacco market. Furthermore, even if this court were to agree that the rebate provision is unwise and unreasonably restrictive, it could not utilize the Due Process Clause of the Fourteenth Amendment to strike down the state statute. The proper resort for the aggrieved is to the polls, not to the courts. *Williamson,* 348 U.S. at 488, 75 S.Ct. at 464.

▉ Nor can this court agree with Stacy Williams that the statute cannot withstand constitutional scrutiny because it seeks to regulate prices in a business not affected with the public interest. In *Simonetti,* cit-

ed extensively by Stacy Williams in its brief, the Alabama Supreme Court specifically held,

> The selling of cigarettes below cost with intent to injure competitors and thereby destroy or substantially lessen competition may be a practice which tends toward creation of a monopoly, and is within the police power of the state whether or not the business be affected with any public interest as such.

132 So.2d at 262.

Thus, the relevant constitutional inquiry is whether the end sought to be achieved by the legislation is affected with the public interest—here, fair and healthy competition among cigarette retailers and wholesalers—and not the extent to which the regulated product in particular is affected with any public interest. The latter approach would require the reviewing court to make delicate judgments regarding the needs of the people for a particular product, which, under *Williamson,* is a matter best left to the state legislature. This court is of the opinion that the protection of fair and healthy competition in the cigarette market of this state is a legitimate goal of the legislature and one that obviously affects the public welfare. *See Hartsock-Flesher Candy Co. v. Wheeling Wholesale Grocery Co.,* 328 S.E.2d 144, 151 (W.Va.1984).

In summary, the court concludes that the Mississippi Unfair Cigarette Sales Law is not violative of the due process provisions of the United States Constitution or the Mississippi Constitution. The statute on its face requires proof of intent to *both* injure competitors *and* destroy or substantially lessen competition before a violation can be established. Protection of the public from unfair business practices which tend to injure competitors and destroy or substantially lessen competition is necessarily a

---

The day is gone when this court uses the Due Process Clause of the Fourteenth Amendment to strike down state laws, regulatory of business and industrial conditions, because they may be unwise, improvident, or out of harmony with a particular school of thought ...

We emphasize again what Chief Justice Waite said in *Munn v. Illinois,* 94 U.S. 113, 134 [4 Otto 113, 25 L.Ed. 77], 'For protection against abuses by legislatures the people must resort to the polls, not to the courts.'

**160**

matter affected with the public interest and is a legitimate goal of legislative action. The rebate prohibition in Miss.Code Ann. § 75–23–7(a) is a reasonable means of furthering that legitimate goal. Therefore, this court concludes that the Mississippi Unfair Cigarette Sales Law is constitutional in each of its challenged aspects.

It is, therefore, ordered that Stacy Williams' motion for summary judgment is denied.