**Laverne "Sonny" SHUNN,
Appellant (Defendant),**

v.

**The STATE of Wyoming,
Appellee (Plaintiff).**

**No. 87–32.**

Supreme Court of Wyoming.

Sept. 18, 1987.

Wyoming Public Defender Program, Leonard D. Munker, State Public Defender, and Julie D. Naylor, Appellate Counsel. Wyoming Defender Aid Program, Gerald M. Gallivan, Director; John A. Coppede, and Josephine F. McClain, Student Interns, Laramie, for appellant.

Joseph B. Meyer, Atty. Gen., John W. Renneisen, Deputy Atty. Gen., Gerald P. Luckhaupt, Sr. Asst. Atty. Gen., Cheyenne, for appellee.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

BROWN, Chief Justice.

This appeal is from a judgment and sentence rendered after a jury found appellant guilty of sexual assault in the first degree in violation of § 6–2–302(a)(i), W.S.1977 (June 1983 Replacement).[1] Appellant states the issue as:

> "Whether the vague wording of Wyoming's marital exception statute, Wyoming Statute section 6–2–307, renders Wyoming's sexual assault statute, Wyoming Statute section 6–2–302, unconstitutional as applied to a person convicted of sexually assaulting his spouse."

We affirm.

In December of 1985, the victim, Connie Shunn, filed a divorce action against appellant Laverne "Sonny" Shunn, and moved into a separate residence. A mutual restraining order was obtained prohibiting any contact between appellant and the victim. On March 8, 1986, nine days before the actual divorce, the victim was confronted in her bedroom by appellant. Appellant began striking the victim with a wooden baton, drawing blood; appellant sexually assaulted her with the baton; and then had sexual intercourse with the victim.

Appellant was found guilty of both sexual assault and aggravated assault. The district court sentenced appellant to a five to seven year term of imprisonment for the sexual assault charge and a six to eight year term on the aggravated assault charge, which was suspended and reduced to probation upon serving the sexual assault term.

At issue is whether § 6–2–307, W.S. 1977 (June 1983 Replacement) is void for

---

1. § 6–2–302(a)(i), W.S. 1977 (June 1983 Replacement), states in pertinent part:

 "(a) Any actor who inflicts sexual intrusion on a victim commits a sexual assault in the first degree if:

 "(i) The actor causes submission of the victim through the actual application, reasonably calculated to cause submission of the victim, of physical force or forcible confinement."

vagueness. The pertinent part of that statute reads as follows:

"The fact that the actor and the victim are married to each other is not by itself a defense to a violation of W.S. 6-2-302(a)(i) * * *."

Such language, appellant contends, establishes a spousal exception to sexual assault in Wyoming and renders § .6-2-302 unconstitutional as applied to a person convicted of sexually assaulting his spouse.

A standard for vagueness of a statute has been defined by this and other courts. "An ordinance or statute is void for vagueness if it fails to give a person of ordinary sensibility fair notice that the contemplated conduct is forbidden. * * * " *Kesar v. State*, Wyo., 706 P.2d 263, 266 (1985). "A statute is unconstitutionally vague when 'men of common intelligence must necessarily guess at its meaning and differ as to its application.' * * * " *Jenkins v. Werger*, 564 F.Supp. 806, 808 (D.Wyo., 1983).

Appellant contends that the phrase "not by itself a defense" contained in § 6-2-307 is vague because no objective standard is provided by which a person can measure contemplated conduct. We disagree. The standard by which conduct is to be measured is clearly outlined in § 6-2-302(a)(i) under which appellant was convicted.[2] Appellant caused submission of the victim through actual force reasonably calculated to cause submission. Section 6-2-307 clearly puts an assailant on notice that marriage to the victim of a sexual assault is not a complete defense, but may be considered along with other evidence in deciding the guilt of the defendant. In this case appellant asserted an alibi defense and presented no other evidence in connection with the marital status of the parties.

Appellant also argues that the previous statute § 6-2-307[3] (which allowed an exemption to married couples unless a decree of judicial separation or restraining order was in effect), would be bypassed in favor of reinstatement of the common law spousal exception to rape. A brief history of the spousal exception to the crime of rape is enlightening. Sir Matthew Hale, an English jurist of the 17th Century, author of a treatise on English law, is regarded as the source for the spousal exception to· rape. He has stated, "But the husband cannot be guilty of a rape committed by himself upon his lawful wife, for by their mutual matrimonial consent and contract the wife hath given up herself in this kind unto her husband, which she cannot retract." 1 Hale, History of the Pleas of the Crown, *629. With the adoption of the English common law, this rule was followed in this country for almost 200 years. Although no legal basis has been found for Hale's belief, there are three major justifications that have been historically identified as the reason for the spousal exception to rape. *State v. Smith*, 85 N.J. 193, 426 A.2d 38, 24 A.L.R.4th 90 (1981).

The first belief was that the woman was considered to be property of her husband or father. Under this premise, the early rape laws sought compensation for the husband or father, rather than the victim, for the damages incurred to the "property."

The second premise is that the wife had no separate legal identity. This was reinforced by Blackstone's comment made in his 1765 Commentaries that " * * * [T]he very being or legal existence of the woman is suspended during this marriage, or at least is incorporated and consolidated into that of the husband: under whose wing, protection and [cover] she performs everything.' 1 W. Blackstone, Commentaries *441. * * * " Statute Note, *Sexual Assault: The Case for Removing the Spousal Exemption From Texas Law, 38 Baylor L.Rev. 1041 n. 18 (1986).* Argument was made that this merger prevented a hus-

---

**2.** Appellant was convicted of sexual assault under § 6-2-302(a)(i) W.S. 1977 (1983 Replacement), which was previously challenged and upheld by this court as constitutional. *Weddle v. State*, Wyo., 621 P.2d 231 (1980). The 1977 and 1983 statutes are the same, but have been renumbered.

**3.** Section 6-2-307, W.S. 1977, provided:

"A person does not violate any provision of this act [sexual assault] if the actor and the victim are legally married, unless a decree of judicial separation or restraining order has been granted."

band from being convicted of, in effect, raping himself.

The third justification evolved from the belief that upon entering marriage, the wife consents to sexual intercourse with her husband. This irrevocable consent negated an essential element of the crime of rape, lack of consent.

Thus, faulty as the legal fiction was behind the spousal immunity to rape, it is part of our legal heritage and was representative of the common law in this state. We do not agree, however, with appellant's reasoning that the common law marital exception to rape would be reinstated if the challenged statute is found to be void for vagueness. The common law is the law of Wyoming unless abrogated by statute. *Condos v. Trapp*, Wyo., 717 P.2d 827 (1986). The purpose of statutes has been held to be to remedy defects in the common law and to adapt it to changes of time and circumstance. *Second Employers' Liability Case*, 223 U.S. 1, 32 S.Ct. 169, 56 L.Ed. 327 (1912); and *Munn v. Illinois*, 94 U.S. 113, 4 Otto 113, 24 L.Ed. 77 (1876). See also, 15A AmJur.2d Common Law 818, p. 618 n. 81 (1976). "The adoption of common law by Wyoming was not an adoption of a set code of law. By nature, the common law is not a set code of law. Nor was the adoption one of status or nonchanging law." *Choman v. Epperley*, Wyo., 592 P.2d 714, 717 (1979). We also quote the language in *Rodin v. State, ex rel. City of Cheyenne*, Wyo., 417 P.2d 180, 196 (1966):

" * * * Reason is the soul of law, and when the reason of any particular law ceases so does the law itself * * *." *Rodin v. State*, Wyo., 417 P.2d 180, 196 (1966).

To allow a spousal exception to rape would be inconsistent with the history of legislation in this state. When the legislature enacted § 6–2–307 and repealed the statutory spousal exception allowed by the 1977 Statutes, it removed the common law spousal exception to rape in Wyoming. See *Vasquez v. State*, Wyo., 623 P.2d 1205 (1981) (Thomas, J., specially concurring).

Statutory and societal changes have significantly affected the appropriateness of a marital rape exception. Today, Hale's theory is both unrealistic and unreasonable. We agree with the court's analysis in the case of *People v. Liberta*, 64 N.Y.2d 152, 485 N.Y.S.2d 207, 474 N.E.2d 567 (1984), that no rational basis exists for distinguishing between marital and nonmarital rape. The degree of violence is no less when the victim of a rape is the spouse of the actor. We therefore see no justification to reinstate the common law marital exception to sexual assault.

Affirmed.