## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

 v.

Phillip Mark Corrie

### May 24, 1990

### Case No. (Criminal) 62715

By JUDGE ROSEMARIE ANNUNZIATA

This matter is under advisement upon defendant's Motion to Reconsider the Court's decision as set forth in the opinion letter issued on March 6, 1990. Having considered the arguments made by counsel at both hearings and the memoranda filed, together with the relevant case law and the evidence in the case, I affirm my decision that § 18.2-460(A) of the Virginia Code, as amended, is constitutional.

The use of actual force is not the only manner by which one may obstruct an officer in the performance of his duties. *See* Annotation: What Constitutes Obstructing or Resisting an Officer in the Absence of Actual Force, 44 A.L.R.3d 1018. That speech can amount to such an obstruction is recognized by many courts. *Id., passim. Houston v. Hill*, 482 U.S. 451, 462, n. 11 (1987); *Newton v. State*, 698 P.2d 1149, 1150-1151 (Wyo. 1985). The Virginia Court of Appeals also recognizes the principle. *Polk v. Commonwealth*, 4 Va. App. 590 (1987). The question before the court, however, is whether Virginia Code § 18.2-460(A) makes criminal a substantial amount of constitutionally

protected speech as well as unprotected speech. *N.A.A.C.P. v. Alabama,* 377 U.S. 288, 307-08 (1964).

Defendant argues that the Virginia statute is not distinguishable from the ordinance struck down for overbreadth in *Houston v. Hill, supra.* As stated in my opinion letter of March 6, 1990, I do not find the Virginia statute suffers from the same infirmities as the ordinance in question in *Houston.*

First, § 18.2-460(A) requires a knowing and intentional obstruction of the official in question. It also requires that the accused's conduct be without just cause. The statute in *Houston* reflects no such limiting language. While not sufficient in themselves to save the statute, the presence of these elements narrows the statute's reach and must be considered. *See Houston,* 482 U.S. at 474 (Powell, J., dissenting).

Secondly, as stated in my opinion letter, unlike the ordinance addressed in *Houston,* § 18.2-460(A) does not provide the police with "unfettered discretion to arrest individuals for words or conduct that annoy or offend them." *Houston,* 482 U.S. at 465. Section 18.2-460(A) is directed to conduct, verbal or otherwise, which has the effect of physically obstructing an officer in the performance of his duty. *See Love v. Commonwealth,* 212 Va. 492 (1971); *Jones v. Commonwealth,* 141 Va. 471 (1925); *Polk v. Commonwealth,* 4 Va. App. 590 (1987); *see also State v. Krawsky,* 426 N.W.2d 875 (Minn. 1988); *Newton v. State, supra.* The statute does not apply to verbal criticism, protest, interruptions, questions or other protected speech which does not constitute criminal conduct. (In *Houston,* evidence taken in the course of the declaratory judgment action to declare the ordinance invalid, revealed the ordinance was used to penalize protected speech such as interrupting, arguing, talking, interfering, failing to remain quiet, verbally abusing, cursing and yelling at a police officer in the performance of his duty. *Houston,* 482 U.S. 457.) The Virginia statute permits arrest based on the effect of speech, not its content.

Finally, as noted in my earlier letter, the defendant's challenge to the statute on the ground it is void for vagueness, must also fail for the reasons stated in the letter.